## 22282.  ADAMS v. ADAMS.

Submitted January 15, 1964—Decided February 6, 1964.

*James E. Hardy,* for plaintiff in error.

*Howard & Storey, James C. Howard, Jr.,* contra.

Head, Presiding Justice.  Dr. Guy H. Adams filed an action for divorce against his wife, Mrs. Corrie Mae Adams.  In the final decree of the court on February 7, 1957, Mrs. Adams was awarded custody of the minor child, Guy H. Adams, Jr.  (See *Adams v. Adams,* 213 Ga. 875, 102 SE2d 566).  On July 24, 1963, Dr. Adams filed his petition in two counts against his former wife, seeking custody of his minor son.  Count 1 alleged that his minor son had reached his fourteenth birthday, and that the son had elected to live with the father rather than the mother.  Attached to the petition as Exhibit "A" was an affidavit by the son reciting that he had attained his fourteenth birthday and that it was his desire to make his home with his father.  In addition to the allegations of count 1, count 2 of the petition contained allegations asserting that the mother had sought to poison the mind of the child against his father.

The mother filed her written motion "to strike and purge Count One and Exhibit 'A' ", and to purge and strike count 2 of the petition.  The motion asserts that the fact that the minor child had reached his fourteenth birthday and had expressed a desire to live with the father could not alter the final order of the court fixing custody.  The motion attacks the Act of the General Assembly approved March 7, 1962 (Ga. L. 1962, pp. 713-715) as being in violation of Art. I, Sec. III, Par. II of the Constitution of Georgia (*Code Ann.* § 2-302), and in violation of Art. I, Sec. X, Par I of the Constitution of the United States (*Code* § 1-134).  The defendant excepts to the judgment overruling her motion to strike.

The Act of 1962 (Ga. L. 1962, pp. 713-715) amended *Code*

§§ 30-127 and 74-107, pertaining to the custody of minor children as between parents by adding to both sections the following: "In all such cases and in cases where a change in custody is sought, where the child has reached the age of fourteen years, such child shall have the right to select the parent with whom such child desires to live and such selection shall be controlling unless the parent so selected is determined not to be a fit and proper person to have the custody of said child."

Where an award of custody is made to a parent in a divorce action and subsequently there is a change of circumstances and conditions substantially affecting the welfare of the child, the parent to whom custody was awarded does not have a *vested* right of custody that will defeat further action by the courts. *Willingham v. Willingham*, 192 Ga. 405 (15 SE2d 514); *Attaway v. Attaway*, 194 Ga. 448 (22 SE2d 50); *Waller v. Waller*, 202 Ga. 535 (43 SE2d 535). " 'A statute is retroactive in its legal sense which creates a new obligation on transactions or considerations already past, or destroys or impairs vested rights. A statute does not operate retrospectively because it relates to antecedent facts, but if it is intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence, it is retroactive in character.' *Ross v. Lettice*, 134 Ga. 866, 868 (68 SE 734, 137 Am. St. Rep. 281); *Williams Bros. Lumber Co. v. Anderson*, 210 Ga. 198, 204 (78 SE2d 612)." *Murphey v. Murphey*, 215 Ga. 19, 22 (108 SE2d 872).

The Act of 1962 (Ga. L. 1962, pp. 713-715) confers upon minor children the right to select the parent with whom such child shall reside, upon reaching the age of 14 years, provided the court in the exercise of its discretion finds such parent a fit and proper person to have custody of the child. It is not a new or novel concept that a minor child 14 years of age may well be capable of making a wise selection. It has been the law of this State for more than 100 years that when a minor child over the age of 14 years requires a guardian, such minor "shall have the privilege of selecting a guardian, and if such selection shall be judicious the ordinary shall appoint him."

*Code* § 49-105; *Dickerson v. Bowen*, 128 Ga. 122 (57 SE 326).

The welfare of the child is the paramount issue for consideration by the trial court in all contests between parents over custody. Under the Act of 1962 (Ga. L. 1962, pp. 713-715) no parental right of custody by judgment or decree can defeat the right of a child reaching 14 years of age "to select the parent with whom such child desires to live." The Act was not subject to the attacks made upon it and the trial court properly overruled the motion to strike as to count 1.

Count 2 of the petition contained allegations which, if sustained by competent evidence, would authorize the judge in the exercise of his discretion to make a change of custody. *Perry v. Perry*, 213 Ga. 847, 850 (102 SE2d 534). The motion to strike count 2 was properly overruled.

*Judgment affirmed. All the Justices concur.*