31905. GEORGE v. SIZEMORE et al.

JORDAN, Justice.

This appeal is from an order granting visitation rights to the maternal grandparents of a minor child.

After the death of the mother of the child the father filed a habeas corpus petition to obtain legal custody of the child from the maternal grandparents. The grandparents sought to retain custody. After a hearing the trial judge found that the father had not lost his parental right and was not unfit, and permanent and exclusive custody of the child was given to him on December 16, 1975.

On October 28, 1976, the maternal grandparents filed a petition to modify the judgment in the habeas

corpus case, or to render a new judgment, granting them visitation privileges with the child. After hearing evidence the judge granted visitation privileges to the grandparents, and the father appeals from this judgment.

In 1976 (effective February 27, 1976) the General Assembly passed the following law: "Whenever any court in this State shall have before it any question concerning the custody of or guardianship of any minor child, the court may, in its discretion, grant reasonable visitation rights to the maternal and paternal grandparents of the child. Any court granting such rights may issue its necessary order to enforce the grant." Ga. L. 1976, p. 247 (Code Ann. § 74-112).

The General Assembly in 1976 (effective July 1, 1976) also amended Code § 50-121, as amended, the habeas corpus provision pertaining to the custody of minor children, by adding the following: "In any case in which a judgment has been entered awarding the custody of a minor, on the motion of any party or on the motion of the court that portion of the judgment effecting visitation rights between the parties and their minor children may be subject to review and modification or alteration, but not more often than once in each two-year period following the date of the entry of such judgment, without the necessity of any showing of a change in any material conditions and circumstances of either party or the minor. . ." Ga. L. 1976, pp. 1050, 1052.

There is no transcript of the hearing on the visitation rights of the grandparents. The father asserts that the judgment was error because: the petition to modify was not a new suit in a separate habeas corpus action as required by Code § 50-121, as amended by the 1976 Act; the judge had no jurisdiction to modify a final habeas corpus judgment after the expiration of the term in which it was rendered; Code Ann. § 74-112 does not permit grandparents to institute proceedings for the purpose of obtaining visitation privileges where no such question is already pending before any court; and the habeas corpus judgment is res judicata as to the issue of custody.

There was no attempt by the trial judge to retain jurisdiction of the habeas corpus case between the father and the maternal grandparents. In the subsequent order

granting visitation privileges to the grandparents the judge found that all parties were within the jurisdiction of the court. The statement in his finding of facts that the court "continues to have jurisdiction over the subject matter of custody of the said minor child . . ." was not an indication that he was attempting to retain jurisdiction under the former habeas corpus case, but rather that he continued to have subject matter jurisdiction to inquire into the welfare of the minor child.

Under prior law the finding in the habeas corpus case that the father was entitled to exclusive custody of the child would have been res judicata on that subject in the absence of evidence of a change of conditions. The 1976 amendment to Code § 50-121 authorizes the modification of visitation rights on the motion of any party to the former case without the necessity of showing a change of conditions. Code § 50-121 pertains to habeas corpus actions in any situation where a child is detained and it specifically authorizes that custody may be given to a third person. It would be unreasonable to limit the 1976 amendment as applying only to parents because of the use of the word "their" in the phrase "visitation rights between the parties and their minor children." In the present case the maternal grandparents were parties in the habeas corpus case, and proper persons under the 1976 amendment to Code § 50-121 to move for the modification of the habeas corpus judgment denying them any right of custody (which includes visitation rights).

The 1976 law (Code Ann. § 74-112), permitting the trial judge in his discretion to grant visitation rights to grandparents, is a departure from the old law which gave the absolute custody of children to parents unless they had forfeited their right in one of the ways recognized by law or become unfit to have custody. The father contends that this new principle can be applied only in a new habeas corpus case, and not in a petition to modify a habeas corpus judgment. The statute states that it is applicable "whenever any court in this State shall have before it any question concerning the custody of . . . any minor child." A question concerning the custody of a minor child is made where, as in the present case, grandparents seek modification of a habeas corpus order

denying them custody.

The father further contends that the application of Code Ann. § 74-112 to the present case is improper as a retroactive application of the statute to modify a judgment obtained prior to its passage.

The interest of the state in the welfare of minor children places the cases concerning their custody in a different category from other cases. The jurisdiction of a habeas corpus court over the custody of a minor child is continuing. *Williams v. Crosby,* 118 Ga. 296, 298 (45 SE 282) (1903). No person has a vested right in the custody of a minor child. The application of the 1976 law in the modification of the 1975 child custody award was not impermissible as a retroactive application of the 1976 statute. Compare *Adams v. Adams,* 219 Ga. 633 (135 SE2d 428) (1964).

The father asserts that the court erred in the judgment because thirty days' notice prior to the hearing of a claim for final relief was not given as required by Code Ann. § 81A-112 (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). Rule nisi was issued on the petition to modify. The record shows that the parties were present and represented by counsel. The judgment was approved as to form by the father's attorney. There is nothing in the record to show that any objection was made to hearing the case in less than 30 days, and the father will not now be permitted to raise this issue.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., Gunter and Ingram, JJ., who dissent.*

ARGUED JANUARY 25, 1977 — DECIDED MARCH 10, 1977.

*Starlin, Powell, Hipps & O'Dell, Joseph W. Powell, II,* for appellant.

*Martin, Kilpatrick & Davidson, Paul V. Kilpatrick, Jr.,* for appellees.

NICHOLS, Chief Justice, dissenting.

I dissent from the judgment of affirmance in this case. The trial court erroneously concluded that it had

jurisdiction to modify its previously entered final custody award. *Taylor v. Taylor,* 231 Ga. 742, 743 (204 SE2d 129) (1974).

The recent Act of the General Assembly, Ga. L. 1976, p. 247 (Code Ann. § 74-112), providing for visitation rights to grandparents, does not aid the appellees. This statute provides that the court may grant visitation rights to grandparents when it has before it any question regarding custody or guardianship of any minor child. The jurisdiction must be independent of any visitation rights sought.

Ga. L. 1976, pp. 1050, 1052, adding a paragraph to Code § 50-121, alleviating the necessity of showing a change in conditions before bringing a petition to modify visitation rights, provides: " . . . on the motion of any party or on the motion of the court that portion of the judgment effecting visitation rights between the parties and *their* minor children . . ." (Emphasis supplied.) The amendment providing for modification of visitation rights "between the parties and *their* minor children" is not applicable to third parties seeking visitation rights.

I am authorized to state that Justice Gunter and Justice Ingram join in this dissent.