## 31704. DYER v. ALLEN et al.

GUNTER, Justice.

In December of 1974, appellant, the natural father of the child involved in this litigation, brought a habeas action in Fulton Superior Court against the maternal grandparents, the appellees here, who had possession of the child in Fulton County. The natural mother was deceased and the natural father resided in Spalding County.

By judgment entered January 7, 1975, the habeas court awarded custody to the natural father. This judgment was unappealed and became a final judgment.

In August of 1976, the grandparents filed a motion in Fulton Superior Court for modification of the earlier custody judgment so as to grant them visitation privileges as allowed by statutes enacted in 1976. Code Ann. § 50-121, and Code Ann. § 74-112.

The natural father moved to dismiss the grandparents' motion on several grounds, one of them being that the Fulton Superior Court did not have jurisdiction of the natural father and the child, residents of Spalding County, and that only Spalding Superior Court had jurisdiction.

The trial judge overruled the motion to dismiss of the

father and, after a hearing, entered a judgment granting visitation privileges to the grandparents.

The father has appealed from that judgment. We conclude that the motion to dismiss should have been sustained, and we reverse the judgment below.

An application for a writ of habeas corpus must be brought in the judicial circuit in which the restraint or detention is taking place. Code Ann. § 50-103. *Turner v. McGee,* 217 Ga. 769 (125 SE2d 36) (1962).

When the grandparents' motion was filed in Fulton Superior Court, that court did not have pending before it in any litigation any question concerning the custody of the child who resided in Spalding County, Georgia. The earlier habeas action that had been brought in Fulton County, where detention by the grandparents took place, had been concluded by a final judgment.

The natural father's motion to dismiss for lack of jurisdiction was actually a motion to dismiss because of improper venue, the detention of the child, about which the grandparents complained, was not occurring in the Atlanta Judicial Circuit; venue was not waived; and the natural father's motion to dismiss should have been sustained.

For this reason alone, the judgment below was erroneous.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 22, 1976 — DECIDED MARCH 10, 1977.

*Seay & Sims, Clifford Seay,* for appellant.
*Albert B. Wallace,* for appellees.