56231. HESTER v. MATHIS.

McMURRAY, Judge.

The petitioner in this adoption proceeding is married to the natural mother of the child. The child is a male, age 6 1/2 years old at the time of the adoption hearing.

The paternal grandfather of the child filed his objection to the petition, and presented evidence at the adoption hearing. The objection to the petition for adoption shows that the grandfather contests the adoption because the child is the last of a blood line, and if the adoption is allowed there will be no more male descendants to carry his name.

After hearing argument of counsel and evidence from all parties, the trial court, on April 3, 1978, denied the petition for adoption. The petitioner appeals, contending the trial court erred in failing to disqualify himself, misinterpreted Code Ann. Ch. 74-4 (Ga. L. 1941, p. 300; 1956, p. 695; since amended in Ga.L. 1977, p. 201, effective Jan. 1, 1978), and the denial of the petition for adoption was an abuse of discretion. *Held:*

1. The issue of disqualification of the trial judge is raised for the first time in this court. The issue was not raised in the trial court so there is nothing for review. *Meeks v. Guckenheimer & Sons,* 102 Ga. 710 (1) (29 SE 486).

2. The trial court sits as both judge and jury in an adoption case and is vested with a broad range of discretion, but this discretion is a legal discretion subject to the parameters of the law.

The grandparent has no standing to file objection to petitions for adoption while one of the natural parents of the child is in life. The trial judge erred in allowing the paternal grandfather to file objections to the petition in this case. Code Ann. § 74-412 (Ga. L. 1941, pp. 300, 304), now Code Ann. § 74-411 (Ga. L. 1977, pp. 201, 217,

effective January 1, 1978); *Hiott v. Duncan,* 122 Ga. App. 563, 564 (178 SE2d 43). Although the record contains no transcript of the evidence presented at the hearing it is apparent from the findings of fact and conclusions of law entered by the trial court, that the interest of the paternal grandfather in seeing his blood line continue into the future has been erroneously injected into this case and considered by the trial court in reaching its decision, even though this could conceivably be in the best interest of the child so as to refuse the adoption under certain circumstances. The trial court has stated, "that this adoption would be a great disservice and injustice to [the paternal grandfather] since this child has a rich heritage in its name. . ." and that, "this adoption would in effect cut off the Mathis line and this terminates the Mathis name for this Mathis family." An abuse of discretion is further indicated by the trial court's statement that, "[t]his court feels that it is unconscionable to sever a family tie and terminate a blood line as is demanded here." This court certainly appreciates the importance of the family structure in this nation. At the same time, we recognize that any adoption of a male child could quite probably result in the loss of the child's original family name and the heritage which accompanies it.

The purpose of the hearing upon the petition of adoption is to determine the disposition of that petition which is in the best interest of the child. In the case sub judice the only questions before the court in a proceeding for the adoption of a child are: (1) Does the surviving natural parent (mother) consent to the adoption of the child; (2) Is the adopting parent worthy and able to care for the child; and (3) Is the adoption for the best interest of the child? "The court is not required to declare the adoption unless all three of these factors unequivocally appear." *Herrin v. Graham,* 87 Ga. App. 291, 292 (73 SE2d 572). *Johnson v. Eidson,* 235 Ga. 820, 825 (221 SE2d 813). Due to the absence of the transcript of the adoption hearing this court is unable to make any determination on the factual issue of whether the adoption should have been granted. The abuse of discretion on the part of the trial judge therefore requires that this case be remanded to the trial court for further consideration. The trial court

should address itself to the three questions set forth above pursuant to the Supreme Court's holding in *Johnson v. Eidson,* 235 Ga. 820, 825, supra.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED JULY 11, 1978 — DECIDED SEPTEMBER 21, 1978.

*Rudolph J. Chambless,* for appellant.
*Perry & Franklin, J. Reese Franklin,* for appellee.