## 34257. SACHS v. WALZER et al.

UNDERCOFLER, Presiding Justice.

In this case, we consider the effect of adoption by a child's stepmother on the court-ordered visitation rights of the deceased mother's parents. When the child's mother, who had custody of her under a divorce decree, died, custody reverted to the father, who obtained the child by court order from her maternal grandparents. They later filed a petition in the nature of habeas corpus claiming the father was unfit and seeking visitation. Visitation rights were granted. The child was then adopted by her father's new wife. The grandparents filed this contempt action to enforce their visitation. The trial court upheld the grandparents' contention. We reverse.

Code Ann. § 74-112[1] allows a court having before it a custody question to grant visitation to the child's grandparents. The language of the statute and *George v. Sizemore,* 238 Ga. 525 (233 SE2d 779) (1977), and *Rhodes v. Peacock,* 142 Ga. App. 328 (235 SE2d 762) (1977), make clear that any such grant is purely discretionary, and may be exercised only where the court is considering custody matters and finds that conditions are such that it is appropriate to allow this privilege to the grandparents. The grandparents have no right to visitation, but only a right to request the privilege of visitation. *Rhodes v. Peacock,* supra.

Here, the father has raised as a defense to the grandparents' contempt that the adoption of the child by her stepmother has terminated whatever limited rights the grandparents possessed. We agree. The adoption has created a new family relationship and terminated the privilege accorded by the statute and visitation order.

While we recognize this ruling may appear harsh, it

---

[1]"Whenever any court in this State shall have before it any question concerning the custody of or guardianship of any minor child, the court may, in its discretion, grant reasonable visitation rights to the maternal and paternal grandparents of the child. Any court granting such rights may issue its necessary order to enforce the grant."

must be considered in the context in which such problems arise. Parents generally have, and should have, the exclusive control over whom, when, and where their children may visit. The legislature has granted some discretion to courts only in the limited situation where custody questions are in issue. *George v. Sizemore,* supra. In the usual case, where a natural parent has died and the spouse remarries, the relatives of the deceased parent will not be cut off from the grandchildren, and litigation will not be necessary. In a case such as this, where there are differences between the parents and the grandparents, we see no reason why the courts should encourage litigation to the harassment of the parents in whom rests exclusive control of the child. Therefore, we find it reasonable to conclude that the adoption by the child's stepmother is such a drastic change from the conditions which existed when the visitation rights were granted, that the grandparents' rights are not enforceable in contempt. We find this conclusion consistent with public policy favoring adoption[2] (*Quilloin v. Walcott,* 238 Ga. 230 (232 SE2d 246) (1977)), and Code Ann. § 74-107 (b) allowing modification of visitation rights without showing a change in condition.

*Judgment reversed. All the Justices concur.*

---

[2]The new Adoption Act, Code Ann. Ch. 74-4, Ga. L. 1977, p. 201 et seq., effective January 1, 1978, provides at Code Ann. § 74-413: "A decree of adoption . . . shall have the following effect . . . (1) Except with respect to a spouse of the petitioner and relative, to relieve the natural parent(s) of the adopted individual of all parental rights and responsibilities, and *to terminate all legal relationships between the adopted individual and his relatives, including his natural parent(s), so that the adopted individual thereafter is a stranger to his former relatives for all purposes* including inheritance, and the interpretation or construction of documents, statutes, and instruments, whether executed before or after the adoption is decreed, which do not expressly include the individual by name or by some designation not based on a parent and child or blood relationship; . . ." (Emphasis supplied.)

744

*Worozbyt & Nodvin, Marvin P. Nodvin,* for
appellant.
*Reeves & Collier, Merrell Collier,* for appellees.