### 57135. MEAD v. OWENS et al.

DEEN, Chief Judge.

"Whenever any court in this State shall have before it any question concerning the custody of or guardianship of any minor child, the court may, in its discretion, grant reasonable visitation rights to the maternal and paternal grandparents of the child." Ga. L. 1976, p. 247 (Code Ann. § 74-112).

Does this statute apply to an adoption proceeding? It is established that the court may consider such grant of visitation rights to the grandparents only in cases where it has before it a question "concerning the custody of or guardianship" of the minor (*Rhodes v. Peacock,* 142 Ga. App. 328 (235 SE2d 762) (1977)) or, otherwise stated, where there is "pending before it in any litigation any question concerning" such custody. *Dyer v. Allen,* 238 Ga. 516 (233 SE2d 772) (1977).

The case pending before the court here was an adoption proceeding by the husband of the natural mother to whom custody had been granted in a previous divorce case. The adoption proceeded without the consent of the natural father whose parental rights had been forfeited by failure to comply with a child support decree (Code §

74-403 (a) (2)). Under Code Ann. § 74-411 grandparents may file objections to petitions for adoption only if there is no father or mother living; otherwise, they have no standing to object. *Hester v. Mathis,* 147 Ga. App. 257 (2) (248 SE2d 538) (1978). And since under Code § 74-112 these appellants may seek visiting privileges under proper circumstances only because of their relationship to the child, whereas one result of this adoption proceeding was to sever the relationship of the natural father and his bloodline "so that the adopted individual thereafter is a stranger to his former relatives for all purposes including inheritance" (Code Ann. § 74-413 (a) (1)), thereby severing the exact relationship under which these grandparents sought to proceed, it becomes obvious that an adoption proceeding in which all paternal rights are sought to be severed is not such a proceeding concerning custody or guardianship as will support an intervening petition by paternal grandparents for visitation privileges. See also *Sachs v. Walzer,* 242 Ga. 742 (251 SE2d 302) (1978).

The trial court properly dismissed the appellant's petition.

*Judgment affirmed. McMurray, J., concurs. Shulman, J., concurs specially.*

SUBMITTED JANUARY 10, 1979 — DECIDED MARCH 2, 1979 — REHEARING DENIED MARCH 13, 1979 — ▮▮▮▮▮

*Moore & Chambliss, Timothy J. Warfel,* for appellant.

*Twitty & Twitty, Frank S. Twitty,* for appellees.

SHULMAN, Judge, concurring specially.

I must agree with the legal premise set forth in the opinion in this case. However, I feel compelled to raise a voice in the hope that in a more enlightened time, the strong and natural love that grandparents have for their grandchildren will be recognized to a greater extent and that their rights to implement that affection will be legally enlarged.