35018. LOCKEY v. BENNETT et al.
35019. LOCKEY et al. v. BENNETT et al.

JORDAN, Justice.

These two appeals challenge the validity of an adoption of a ten-month-old girl by her paternal grandparents. The appellants are her maternal grandparents.

Before the child was born, the natural parents, both being very young, had considered the possibility of the paternal grandparents adopting her. Instead, they tried to care for the child which resulted in her becoming very ill. The DeKalb County Juvenile Court then placed the child in the temporary custody of the maternal grandparents. At that point, the paternal grandparents obtained the consent to adoption from both natural parents and filed this action to adopt the child in the Gwinnett County Superior Court. The maternal grandparents sought to object to the adoption proceedings through a motion to intervene which was denied. A

guardian ad litem was appointed, and the maternal grandparents were allowed to question witnesses and participate in the hearing through him. After considering the testimony and evidence, the trial judge issued an order granting the paternal grandparents' petition for adoption. Upon refusal of appellants to surrender possession of the child, appellees brought a petition for habeas corpus which was granted.

In Case number 35018, the maternal grandparents appeal the denial of their motion to intervene. In Case number 35019, they appeal as to the merits of the adoption proceeding. *Held:*

1. Code Ann. § 81A-124 (a)(2) provides that a party may intervene as a matter of right when an interest in the subject matter of the action will be impaired absent his or her participation, "unless the applicant's interest is adequately represented by existing parties." The trial judge ruled that the maternal grandparents had no interest in the adoption because the natural parents, both still living, had consented and cited the cases of *Hiott v. Duncan,* 122 Ga. App. 563 (178 SE2d 43) (1970), and *Hester v. Mathis,* 147 Ga. App. 257 (248 SE2d 538) (1978), as supporting authority. Those cases hold, both construing Code Ann. § 74-411 (formerly Code Ann. § 74-412), that relatives of a child may not file objections to its adoption as long as one natural parent is living and has consented. This removes the maternal grandparents' legal interest in this adoption entirely, and it was not error to deny their motion to intervene. The judgment in Case number 35018 is affirmed.

2. The judgment in Case number 35018 having been affirmed, the maternal grandparents were properly not parties below. "Only parties to the proceeding below may be parties on appeal. [Cit.]" *Samples v. Greene,* 138 Ga. App. 823, 827 (227 SE2d 456) (1976). Therefore, appellants have no standing to complain of any alleged error in Case number 35019 through direct attack, and this appeal is dismissed.

*Judgment in Case No. 35018 affirmed. Appeal in Case No. 35019 dismissed. All the Justices concur.*

SUBMITTED JUNE 12, 1979 — DECIDED SEPTEMBER 26, 1979.

*R. Hopkins Kidd,* for appellants.
*T. Henry Clarke, IV,* for appellees.