## 60698, 60699. HOUSTON v. HOUSTON (two cases).

BANKE, Judge.

The appellant appeals two orders denying him visitation rights to his grandson. The child's parents were divorced in October 1978. Custody was awarded to the mother, the appellee; and the father, the appellant's son, received visitation privileges. Appellee remarried; and her new husband petitioned to adopt the child in September 1979, the natural father having died the previous month. The adoption was granted in November 1979; and within 30 days

appellant filed a motion seeking to set aside or, in the alternative, to be granted visitation privileges. Appellant had previously sought visitation rights in a separate action commenced in October 1979, and the two cases were consolidated for argument. The trial court denied the motion to set aside or modify the adoption proceeding based on lack of standing and dismissed the other suit because no question concerning the custody or guardianship of the minor child was before the court. Code Ann. § 74-112 (Ga. L. 1976, p. 247). *Held:*

Code Ann. § 74-112, supra, as it existed at the time of the judgments complained of, provided that "whenever any court in this state shall have before it any question concerning the custody of or guardianship of any minor child, the court may, in its discretion, grant reasonable visitation rights to the maternal and paternal grandparents of the child." Thus, the trial court was correct in ruling that standing was lacking in the absence of any issue as to custody. See *Spitz v. Holland,* 243 Ga. 9 (252 SE2d 406) (1979); *Dyer v. Allen,* 238 Ga. 516 (233 SE2d 772) (1977); *Rhodes v. Peacock,* 142 Ga. App. 328 (235 SE2d 762) (1977). The trial court was also correct in ruling that the appellant lacked standing to seek visitation in an adoption proceeding where the only living parent, the mother, had consented to the adoption. See *Lockey v. Bennett,* 244 Ga. 339 (260 SE2d 56) (1979). *Mead v. Owens,* 149 Ga. App. 303 (254 SE2d 431) (1979); *Hester v. Mathis,* 147 Ga. App. 257 (248 SE2d 538) (1978).

Code Ann. § 74-112, referred to as "The Grandparents' Bill of Rights," was amended 12 days after the trial court entered its orders in this case. The statute now provides that the "parent of a minor child's parent who has died shall have the right to file an original pleading, but not more than once during any calendar year, to obtain visitation rights to said minor child." (Ga. L. 1980, pp. 936, 937). We conclude that the amendment applies retroactively. "[A] reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the the prior law." *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759) (1944); *Osteen v. Osteen,* 244 Ga. 445 (260 SE2d 321) (1979). In giving retroactive application of the 1976 version of this same statute to a 1975 award, the Georgia Supreme Court held that "[n]o person has a vested right in the custody of a minor child." *George v. Sizemore,* 238 Ga. 525, 528 (233 SE2d 779) (1977); accord *Adams v. Adams,* 219 Ga. 633 (135 SE2d 428) (1964).

Case No. 60698, appellant's appeal from the denial of his motion

to intervene in the adoption proceeding, is not affected by the statutory change and is therefore affirmed.

As to case No. 60699, the judgment is reversed and the case remanded to the trial court to determine appellant's rights to visitation.

*Judgment affirmed in Case No. 60698. Judgment reversed and remanded in Case No. 60699. McMurray, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 5, 1980 — DECIDED OCTOBER 8, 1980.

*George W. Darden, Toby B. Prodgers,* for appellant.
*Judith F. Bagby,* for appellee.