### 37050. SMITH et al. v. FINSTAD et al.

CLARKE, Justice.

Mr. and Mrs. Finstad, appellees (hereinafter "grandparents") brought a complaint to obtain visitation with their granddaughter, Cassandra Marie. This action was brought pursuant to Code Ann. § 74-112 (b)(3) (Ga. L. 1980, pp. 936, 937), which establishes the procedure and grounds for such an action. Mrs. Smith and the grandparents' son are the natural parents of Cassandra Marie. They

---

divorced, and Mrs. Smith married Mr. Smith, who subsequently adopted the child. The Smiths, appellants, answered the petition by attacking Code Ann. § 74-112 as against public policy, as unconstitutionally retrospective as applied to them, and as unconstitutional on a number of grounds wholly without substance. The trial court denied the Smiths' motion to dismiss and ruled that Code Ann. § 74-112 was not unconstitutional on any of the grounds advanced by the Smiths. Finally, the trial court ruled that the Smiths had acquired no vested rights which would prevent the court's exercising its discretion with regard to granting visitation rights to plaintiffs and that a hearing should be held to determine whether or not visitation rights should be granted.

The Smiths appeal, contending that application of Code Ann. § 74-112 to them is unconstitutional and that the statute is in conflict with Code Ann. § 74-413 (Ga. L. 1977, pp. 201, 219), which deals with the effect of a decree of adoption. This section provides that the adopted person becomes a legal stranger to his former relatives.

The Smiths insist that this a matter of first impression in Georgia. However, the case of *Houston v. Houston,* 156 Ga. App. 47 (274 SE2d 91) (1980) appears to be directly on point. In that case the trial court held the grandparents had no standing to seek visitation when the children had been adopted under Code Ann. § 74-112 (Ga. L. 1976, p. 247) as it existed at that time. Twelve days after the entry of the trial court's order, Code Ann. § 74-112 was amended to provide that parents of a son or daughter who has died or whose parental rights have been terminated may file an original pleading seeking visitation with the minor child of their son or daughter.

The Court of Appeals specifically held that although the trial court's original order had been correct, the statute, as amended, should be given retroactive application so as to confer standing upon the grandparents. This was so because no vested rights were affected. This court has made it clear that no one may acquire a vested interest in the custody of a minor child. *George v. Sizemore,* 238 Ga. 525 (233 SE2d 779) (1977); *Adams v. Adams,* 219 Ga. 633 (135 SE2d 428) (1964).

The legislature's intent in enacting the 1980 amendment to Code Ann. § 74-112 was to give grandparents standing to seek visitation in a situation in which their own child had lost his or her parental rights through death or termination. Therefore, we have determined that Code Ann. § 74-112 constitutes a specific exception to the provision of Code Ann. § 74-413 that the adopted child shall become a legal "stranger to his former relatives for all purposes." This case does not raise the issue of whether the 1980 amendment grants to the grandparents any rights of discovery of the information

contained in records required to be sealed by Code Ann. § 74-417. Therefore, we make no determination of that issue. We further find that inasmuch as no vested rights are affected by Code Ann. § 74-112, its retroactive application to appellants is not unconstitutional.

*The other enumerations of error being without merit, the judgment of the trial court is affirmed. All the Justices concur.*

DECIDED MAY 19, 1981.

*C. Crandle Bray,* for appellants.
*W. H. Duckworth, Jr.,* for appellees.