## 41168. MITCHELL v. ERDMIER et al.
### (320 SE2d 163)

GREGORY, Justice.

The trial court denied Jewell Mitchell's petition for visitation rights with her 21-month-old grandchild. The basis for denial was that the relationship between the grandparent and grandchild had been terminated by adoption. We affirm.

The issue is whether OCGA § 19-7-3, which provides visitation rights for grandparents in certain situations, is an exception to OCGA § 19-8-14, which operates to terminate all legal relationships between the adopted person and his relatives. We hold that it is not an exception under the facts of this case.

The trial court found as facts that Jewell Mitchell is the natural maternal grandmother of the child. Both the natural mother and natural father of the child surrendered their parental rights and released the child for adoption. OCGA § 19-8-4. The child was adopted by Randall and Linda Erdmier on July 21, 1983. The petition for visitation was filed the following September 14.

OCGA § 19-8-14 is the code provision which announces the effect of a decree of adoption. Among other things, it ". . . relieves the natural parent(s) of the adopted individual of all parental rights and responsibilities and terminates all legal relationships between the adopted individual and his relatives, including his natural parent(s), so that the adopted individual thereafter is a stranger to his former relatives for all purposes. . . ." This language clearly eliminates any claim of right to visitation with the adopted child by a former relative. However, the grandmother relies upon OCGA § 19-7-3 as an exception. This code section gives a court discretion to grant reasonable visitation rights to grandparents in certain limited circumstances: (1) When a court has before it a question concerning the guardianship of any minor child; (2) when one parent dies; (3) when one parent dies and the survivor remarries, regardless of whether the minor child is adopted by its stepmother or stepfather; (4) when a court has terminated the parental rights of one of the natural parents of the minor child. For prior applications of this section see *Smith v. Finstad*, 247 Ga. 603 (277 SE2d 736) (1981); *Houston v. Houston*, 156 Ga. App. 47 (274 SE2d 91) (1980). On the face of it, none of the four circumstances includes the facts here, where both natural parents have surrendered their parental rights in order to allow adoption. Jewell Mitchell contends the facts are governed by division (4) above because the adoption decree was a *termination* of all relationships between child and the natural parents. We do not interpret the code

section to have this meaning. To do so would frustrate the apparent object of OCGA § 19-8-14, to sever former relations of an adopted child. The only provision which grants grandparents visitation rights after an adoption is the limited one of the death of one parent, the remarriage of the surviving parent, followed by the adoption of the child by the stepparent. In other adoptions, such as this one, the severance of relationships provision of OCGA § 19-8-14 controls, and no rights of visitation by former grandparents exist.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1984.

*Imogene L. Walker, John L. Cromartie, Jr., Cindy Johnson,* for appellant.

*W. Vincent Settle III,* for appellees.