## 70457. WELCH et al. v. SUGGS.
### (333 SE2d 31)

BANKE, Chief Judge.

The appellants brought this action in superior court seeking custody of their son's illegitimate child based on the alleged unfitness of the child's mother. In the alternative, the appellants requested visitation rights pursuant to OCGA § 19-7-3. (The Grandparents' Visitation Act, Ga. L. 1976, p. 247, § 1; Ga. L. 1980, p. 936, § 1; Ga. L. 1981, p. 1318, § 1.) The trial court determined that the mother was fit and declined to transfer custody. The trial court also concluded that because the child had never been legitimated by the appellants' son, the appellants lacked standing to seek visitation rights. Only this aspect of the trial court's order is before us in this discretionary appeal. *Held*:

The trial court's determination not to hear the visitation question relies upon OCGA § 19-7-25, which provides that "[o]nly the mother of an illegitimate child is entitled to his custody, unless the father legitimates him as provided in Code Section § 19-7-22. Otherwise, the mother may exercise all parental power over the child." The appellees argue that, because of his failure to legitimate the child, the putative father has no parental rights upon which his parents can base their prayer for either custody or visitation. A similar argument was made in the Supreme Court in an adoption case brought by the grandparents of an illegitimate child. At issue was whether the father's parents were "relatives" such that the mother could voluntarily relinquish her rights in the child to them pursuant to former Code Ann. § 74-403 (a) (4) (OCGA § 19-8-3 (a) (5)). The court held that the father "has some parental rights . . . in regard to his illegitimate child . . . [and that] the parents of the biological father are 'relatives.' " *Nelson v. Taylor*, 244 Ga. 657, 658 (261 SE2d 579) (1979).

Generally speaking, OCGA § 19-7-3 "allows a court having before it a custody question to grant visitation to the child's grandparents. The language of the statute and *George v. Sizemore*, 238 Ga. 525 (233 SE2d 779) (1977), and *Rhodes v. Peacock*, 142 Ga. App. 328 (235 SE2d 762) (1977), make clear that any such grant is purely discretionary and may be exercised only where the court is considering custody matters and finds that conditions are such that it is appropriate to allow this privilege to the grandparents. The grandparents have no right to visitation, but only a right to request the privilege of visitation." *Sachs v. Walzer*, 242 Ga. 742 (251 SE2d 302) (1978). We hold

that the appellants are grandparents within the meaning of the statute and that their claim for visitation rights was properly before the court and should have been heard.

*Judgment reversed with direction. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 24, 1985.

*Lynn W. Wilson*, for appellants.
*Harvey J. Kennedy, Jr.*, for appellee.