71531. TUTTLE v. STAUFFER et al.
(338 SE2d 544)

BEASLEY, Judge.

Tuttle filed suit to obtain visitation rights with her grandchildren under the provisions of OCGA § 19-7-3. Tuttle's son and the children's natural mother were divorced; subsequently the son's parental rights were terminated and the two children were adopted by the mother's new spouse. Tuttle filed the present direct appeal from the trial court's dismissal on July 11, 1985 of her petition for visitation rights.

OCGA § 5-6-35 (a) (2), effective July 1, 1984, provides that an application for appeal is required in "[a]ppeals from judgments or orders in divorce, alimony, child custody, and other domestic relations cases including, but not limited to, granting or refusing a divorce or temporary or permanent alimony, awarding or refusing to change child custody, or holding or declining to hold persons in contempt of such alimony or child custody judgment or orders; . . ."

" 'Visitation privileges are, of course, part of custody. [Cits.]' "

(*Burnett v. Coleman*, 170 Ga. App. 394 (317 SE2d 546) (1984)), and grandparents seeking appellate review of an unfavorable ruling regarding visitation privileges are, like parents, required to follow the procedure necessary to secure a discretionary appeal. See, e.g., *Welch v. Suggs*, 175 Ga. App. 233 (333 SE2d 31) (1985). Appellant has failed to do so and consequently her direct appeal must be dismissed. We note that she has not also filed, as a precaution, an application for discretionary appeal.

*Appeal dismissed. Deen, P. J., and Pope, J., concur.*

DECIDED DECEMBER 5, 1985.

*Robert J. Duffy*, for appellant.
*W. David Sims*, for appellee.