In the Matter of the Application of Elizabeth Mabel **WALKER** and Jackie Aldridge Walker for Grandparental Visitation Rights.

Elizabeth Mabel **WALKER**, Appellant,

v.

Diana Lynn **HERRON**, Appellee.

No. 79201.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 31, 1993.

Richard L. Weldon, Chickasha, for appellant.

Scott R. Tack, Allen, Allen, Johnston & Tack, Chickasha, for appellee.

## *MEMORANDUM OPINION*

JONES, Presiding Judge.

Appellant and her husband petitioned for grandparent visitation rights under 10 O.S. 1991 § 5. Natural mother filed a motion to dismiss, which questioned whether Appellant had standing under § 5 to petition for visitation rights. The trial court granted the motion to dismiss. We affirm.

Elizabeth Mabel Walker grew up in Georgia. She mothered three children; the first was Kenneth Patrick Herron. Kenneth was born out of wedlock in Georgia in 1958. Contemporaneous with his birth, Appellant agreed to let her parents adopt him; Kenneth's birth certificate lists the parents, Wilbur Herron, Sr. and Sally Green, as Kenneth's mother and father, although it is signed by Appellant as "mother." Appellant testified in the trial court that she consented to the adoption because of the indifference of her first husband, who had no desire to care for Kenneth, and because her father, who had suffered a heart attack, could obtain greater Social Security income if he had a dependent child.

Kenneth lived with the Herrons in Georgia until he was twelve years old. Appellant married Mr. Walker in 1971, and moved to Oklahoma. Kenneth remained with the Herrons for four more months, and then he moved to Oklahoma. Kenneth resided with Appellant for seven years, until he married Appellee, Diana Lynn Herron, in 1979. Shortly after the marriage, Kenneth entered military service, and Appellee, who at the time was pregnant, moved in with Appellant. Brandy Diane Herron was born while Appellee lived with Appellant.

Kenneth and Diana were divorced in 1986. The divorce decree granted custody of Brandy to Diana, and visitation rights to Kenneth. In 1990, Kenneth's parental rights were voluntarily terminated.

Appellant and Mr. Walker[1] commenced this action in 1991, requesting reasonable visitation rights to see Brandy. Diana Herron moved to dismiss the action. The trial court conducted a hearing on the motion, and heard testimony from the Walkers and from Appellee.[2] The trial court subsequently entered an order dismissing the Walkers' application.

The sole issue raised in the petition in error and briefed by the parties is whether the trial court correctly construed the grandparental visitation rights statute:

A. 1. Pursuant to the provisions of this section, any grandparent of an unmarried minor child shall have reasonable rights of visitation to the child if the district court deems it to be in the best interest of the child....

\* \* \* \* \* \*

4. Except as otherwise provided by paragraphs 5 and 6 of this subsection, if the parental rights of one or both parents have been terminated, any person who is the parent of the person whose parental rights have been terminated may be given reasonable rights of visitation if the court determines that a previous grandparental relationship existed between the grandparents and the child and the district court determines it to be in the best interest of the child.

10 O.S.1991 § 5(A).

Appellant contends that this statute should be construed broadly (as she puts it, "literally"). In essence, Appellant asks the courts of this state to ignore the Georgia adoption decree, and to grant visitation rights on the strength of her status as Brandy's "biological grandmother."

■ Appellant offers neither legal argument nor authority to alter the general rule that an adoption severs all legal connection between the adopted child and her natural parents. This was true in Georgia in 1958 when Appellant consented to have Kenneth adopted, just as it is true today in Oklahoma. "[T]he parents shall be divested of all legal rights or obligations from them to the child or from the child to them." Ga. Code § 74–414[3]; *Sears v. Minchew*, 212 Ga. 417, 93 S.E.2d 746, 748 (1956); *Alexander v. Lamar*, 188 Ga. 273, 3 S.E.2d 656, 658, 123 A.L.R. 1032 (1939). "The final order of adoption operates to sever the natural parents from the child which has been adopted." R.S. Stubbs, **A Summary of the Georgia Law of Children** § 31 at 77 (Michie 1969). *Compare* 10 O.S.1991 § 60.-16(B) ["[T]he natural parents ... shall have no rights over the adopted child ..."].

■ The Georgia adoption utterly and completely severed Appellant's legal relation to Kenneth Herron. Because Appellant's relation to Kenneth stands legally severed, Appellant is not Kenneth's "par-

---

1. Mr. Walker was subsequently dismissed as a party to the application. This appeal is brought only by Mrs. Walker.

2. The trial court announced its intention to dismiss Mr. Walker's request for visitation, because he is not a blood relative of the child. The trial court requested additional briefs from the parties on effect of the Georgia adoption [Tr. of Hearing on Motion to Dismiss, p. 23]. However-

er, there is no indication from the record that those briefs were filed, or that the trial court heard any further arguments from counsel.

3. This language now appears at Ga.Code Ann. § 19–8–14; *see Campbell v. Holcomb*, 193 Ga. App. 474, 388 S.E.2d 65, 66 (1989); *see also Mitchell v. Erdmier*, 253 Ga. 335, 320 S.E.2d 163, 164 (1984).

ent," and therefore cannot qualify as Brandy's "grandparent" within the meaning of 10 O.S.1991 § 5(A). Neither Kenneth's post-adoption residence with Appellant, nor any relationship *in fact* which may have developed between Appellant and Brandy, created the legal relation of grandparent and grandchild required by the visitation statute.

The trial court properly dismissed Appellant's application for visitation rights. The trial court judgment is therefore AFFIRMED.

HANSEN, C.J., dissents.

ADAMS, J., concurs.