## A94A1553. ECHOLS et al. v. COCHRAN et al.
(447 SE2d 700)

Judge Harold R. Banke.

The appellants bring this appeal from the trial court's grant of an adoption petition and dismissal of their motion to intervene in that proceeding.

The child who was the subject of the adoption proceeding was born out of wedlock, and the identity of her father was not indicated on her birth certificate. When the child's mother died in February 1993 from injuries sustained in an automobile collision, the juvenile court granted temporary custody of the child to the Carroll County Department of Family & Children Services, which placed the child with her maternal great aunt and uncle who are the appellants here.

Subsequently, the appellees, as the aunt and uncle of the child, filed a petition to adopt the child, and they obtained a written surrender of rights from the child's putative biological father. The appellants sought to file objections to the adoption petition, but the trial court found that they lacked standing to intervene under Lockey v. Bennett, 244 Ga. 339 (260 SE2d 56) (1979).

In Lockey, the Supreme Court held that "relatives of a child may not file objections to its adoption as long as one natural parent is living and has consented." Id. at 340. That holding applied Code Ann. § 74-411 (predecessor to OCGA § 19-8-15), which provided that a blood relative may file objections to an adoption petition "if there is no father or mother living."

However, in 1990, OCGA § 19-8-15 was amended to allow such objections where the subject child has no living *legal* father or mother. OCGA § 19-8-1 defines legal father as a male who has legally adopted a child; who was married to the biological mother at the time the child was conceived or born; who married the legal mother after the child was born and recognized the child as his own; who has been adjudicated the father pursuant to OCGA § 19-7-40 et seq.; or who has legitimated the child.

In the instant case, it is undisputed that the appellants are blood relatives of the child sought to be adopted. It is further uncontroverted that the child's biological father did not constitute her "legal" father as defined above. It follows that under OCGA § 19-8-15, as amended, the appellants had standing to file objections to the adoption petition, and the trial court erred in concluding otherwise. Accordingly, this case must be remanded so that the appellants are afforded an opportunity to present their objections.

*Judgment reversed and remanded. Birdsong, P. J., and Blackburn, J., concur.*

*Bradley D. Palmer, James B. Outman, Bauer, Deitch & Raines, Henry R. Bauer, Jr., Lois D. Shingler*, for appellants.

*Wiggins & Camp, Kelley C. Park, S. James Tuggle, Daniel M. Barnes*, for appellees.