## A10A1306. PARKER v. STONE et al.
### (702 SE2d 636)

JOHNSON, Judge.

This case involves Richard Stone and Anita Stone's petition to adopt two-year-old A. S., and Jerimi Parker's objection to the adoption petition.[1] The record shows that A. S. was born on July 23, 2006. A. S. was placed with the Stones on July 28, 2006, where he has resided without interruption. On May 22, 2008, nunc pro tunc to September 17, 2007, A. S.'s legal mother's parental rights were terminated by court order. Also on May 22, 2008, A. S.'s purported biological father signed a "Surrender of Parental Rights/Final Release for Adoption" and an "Acknowledgment of Surrender of Rights" in favor of Parker, his purported half-brother. Subsequently, the Stones filed a Petition for Adoption on May 27, 2008. Parker responded, objecting to the petition. He later filed a motion to dismiss the adoption petition, and the Stones filed a motion to quash all pleadings filed by Parker.

The parties agreed that the first issue to be addressed by the trial court should be whether Parker had standing to object to the adoption, since a lack of standing would be dispositive of the other issues in the case. The Stones argued that because A. S.'s biological father never legitimated A. S. and became A. S.'s legal father, the biological father had no rights to transfer to Parker, and, therefore, Parker lacked standing to object to the adoption petition. Parker argued that even if he did not receive any legal rights to A. S. through the biological father's purported surrender of parental rights, he still had standing to object to the adoption petition under OCGA § 19-8-15 because he is a blood relative of the child. Following the hearing, the trial court entered an order granting the Stones' motion to quash and dismissing Parker from the action on the basis that he lacked standing to object to the petition to adopt because (1) he had obtained no legal rights to A. S. through the biological father's

---

[1] While Parker's objection is couched in terms of a "response" to the petition for adoption in which he "prays that Petitioner's petition be dismiss[ed] and that said minor child be plac[ed] in the physical and legal custody of Respondent," to hold that the response is not technically an objection to the petition would be to place form over substance, which this Court declines to do. See *Southern Electronics Distributors v. Marsh*, 229 Ga. App. 821, 821-822 (1) (495 SE2d 43) (1997).

surrender of parental rights, and (2) OCGA § 19-8-15 did not apply because A. S.'s mother was still alive. The trial court also issued a final judgment granting the Stones' petition for adoption.

Parker contends the trial court erred in quashing his pleadings, dismissing him from the adoption proceeding, and granting the Stones' adoption petition. For the reasons discussed below, we reverse the trial court's order quashing Parker's pleadings and dismissing him from the adoption action. We also vacate the trial court's final judgment and decree of adoption and remand the case for the trial court to consider Parker's objections and the best interest of A. S.

1. Parker first contends the trial court erred in dismissing him from the adoption proceeding because it misinterpreted OCGA § 19-8-15. We agree.

OCGA § 19-8-15 provides: "If the child sought to be adopted has no legal father or legal mother living, it shall be the privilege of any person related by blood to the child to file objections to the petition for adoption." Here, it is undisputed that A. S. does not have a legal father living. A "legal father" is defined as a male who (a) has legally adopted a child, (b) was married to the biological mother of the child at the time the child was conceived or was born, unless such paternity was disapproved by a final order, (c) married the legal mother of the child after the child was born and recognized the child as his own, unless such paternity was disapproved by a final order, (d) has legitimated the child by a final order pursuant to OCGA § 19-7-22, or (e) has legitimated the child pursuant to OCGA § 19-7-21.1 and who has not surrendered or had terminated his parental rights.[2] The purported biological father in the present case does not meet any of these definitions of a legal father. That, however, does not end the inquiry in this case.

Parker is claiming that he is a blood relative of A. S. with standing to object to the petition for adoption regardless of the validity or effectiveness of the biological father's surrender of rights document. The trial court, however, never reached the issue of whether Parker was a blood relative and entitled to apply OCGA § 19-8-15 in this case because it erroneously found that A. S. has a legal mother living.

In its order, the trial court noted that Parker "may not object to the adoption action by reason of his familial relationship with [the biological father] because the mother of the child is living." This finding is incorrect. OCGA § 19-8-1 (7) defines a "legal mother" as "the female who is the biological or adoptive mother of the child and

---

[2] See OCGA § 19-8-1 (6).

who has not surrendered or had terminated her rights to the child." The record is undisputed that A. S.'s mother's rights to A. S. were terminated by court order. Therefore, A. S. does not have a "legal mother," even though his biological mother is living. "It follows that under OCGA § 19-8-15, [Parker may have] had standing to file objections to the adoption petition,"[3] and the trial court erred in quashing Parker's pleadings without determining whether he is a blood relative of A. S.

2. Parker also contends the trial court erred in granting the adoption petition because it failed to set forth any findings of fact that demonstrate by clear and convincing evidence that the adoption by the Stones is in the best interest of A. S. However, this enumeration of error is rendered moot based on our finding that this case must be remanded so that Parker, assuming he can establish that he is a blood relative of A. S., is afforded an opportunity to present his objections to the petition for adoption. We hereby vacate the trial court's decree of adoption and remand the case for the trial court to consider the petition for adoption in light of Parker's objections.

*Grant of motion to quash reversed, decree of adoption vacated, and case remanded. Miller, C. J., and Phipps, P. J., concur.*

DECIDED SEPTEMBER 14, 2010 —
RECONSIDERATION DENIED OCTOBER 28, 2010 —

*Andrew B. Koplan*, for appellant.
*Sherrod & Bernard, Kenneth R. Bernard, Jr., James B. Outman*, for appellees.

---

[3] *Echols v. Cochran*, 214 Ga. App. 348 (447 SE2d 700) (1994).