**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 8, 2015**

# In the Court of Appeals of Georgia

A15A1223. PARKER v. STONE et al.

ELLINGTON, Presiding Judge.

The Superior Court of Douglas County entered a decree of adoption of a child, eight-year-old A. S., by Richard and Anita Stone. Jeremi Parker appeals, contending that the superior court lacked jurisdiction and therefore erred in denying his motion to dismiss the Stones' amended petition to adopt A. S. For the reasons explained below, we affirm.[1]

---

[1] We note that the Stones filed a motion to quash all pleadings filed by Parker. The superior court granted the motion, effectively dismissing Parker from the case, and granted the adoption petition on December 22, 2009. In an earlier appeal, we vacated the decree and reversed, holding that the superior court erred in granting the motion to quash Parker's pleadings without determining whether he is a blood relative of A. S, because, when someone seeks to adopt a child who has no legal father or legal mother living, OCGA § 19-8-15 gives the privilege to file objections to the petition for adoption of the child to any person related to the child by blood. *Parker v. Stone*, 306 Ga. App. 636, 637-638 (1) (702 SE2d 636) (2010).

The record shows that A. S. was born on July 23, 2006, and placed with the Stones on July 28, 2006. On May 29, 2007, the Georgia Department of Human Resources by and through the Douglas County Department of Family and Children Services ("the Department"), filed in the Juvenile Court of Douglas County a petition to terminate the parental interests of S. S. (A. S.'s mother) and C. W. (A. S.'s biological and putative father and Parker's half-brother). On May 22, 2008 (nunc pro tunc to September 17, 2007), the juvenile court entered an order terminating S. S.'s parental rights; the juvenile court reserved the issue of C. W.'s parental rights.

On May 27, 2008, the Stones filed in the superior court the instant petition to adopt A. S., alleging, inter alia, that on May 22, 2008, C. W. had surrendered his parental rights to Parker. On July 11, 2008, as A. S.'s "biological uncle," Parker responded to the Stones' petition. Parker admitted that C. W. had surrendered his parental rights to Parker on May 22, 2008. He objected to the Stones' adoption petition, denying that the adoption was in A. S.'s best interests.[2] He later filed a motion to dismiss the adoption petition. After a hearing, the superior court denied Parker's motion to dismiss the Stones' petition, granted the petition, and entered a

---

[2] See *Parker v. Stone*, 306 Ga. App. at 636, n. 1 (deeming Parker's responsive pleading to be an objection pursuant to OCGA § 19-8-15 to the Stones' adoption petition).

decree of adoption. In the decree, the superior court stated that the rights and obligations of C. W., A. S's "putative biological father but not legal father[,] . . . are permanently terminated based upon the dismissal [on June 25, 2009,] of [the] Petition for Legitimation" C. W. had filed in the juvenile court.[3]

1. Before considering the merits of Parker's appeal, we will address the Stones' motion to dismiss (filed March 19, 2015). The Stones argue that Parker was not a party to the adoption proceeding in the superior court and, therefore, he lacks standing pursuant to OCGA § 5-6-33 to file an appeal from the decree. Generally, that

---

[3] Under OCGA § 19-8-12 (f) (3):
[a] biological father who is not the legal father loses all rights to the child and the court shall enter an order terminating all such father's rights to the child and such father may not thereafter object to the adoption and is not entitled to receive further notice of the adoption if within 30 days from his receipt of the notice provided for in subsection (b) of this Code section he:
    (1) Does not file a legitimation petition and give notice as required in subsection (e) of this Code section;
    (2) Files a legitimation petition which is subsequently dismissed for failure to prosecute; or
    (3) Files a legitimation petition and the action is subsequently concluded without a court order declaring a finding that he is the father of the child.
See OCGA § 19-8-1 (1) ("'Biological father' means the male who impregnated the biological mother resulting in the birth of the child."); (6) ("Legal father" means a male who has legally adopted a child; was married to the biological mother under specified circumstances; or has legitimated the child and who has not surrendered or had terminated his rights to the child.).

3

Code section limits the right to appeal to any "party" in a civil case.[4] Although OCGA § 19-8-15 conferred a right on Parker "to file objections to the petition for adoption[,]" the Stones contend, filing objections did not make Parker a party with a right to appeal under OCGA § 5-6-33.

OCGA § 19-8-15 provides in pertinent part: "If [a] child sought to be adopted has no legal father or legal mother living, it shall be the privilege of any person related by blood to the child to file objections to the petition for adoption." Thus, by its plain terms, OCGA § 19-8-15 gives blood relatives of a child the right, when the specified criteria are met, to participate in adoption proceedings to a certain extent, that is, by filing objections, and the statute inherently requires the trial court to consider all properly filed objections.[5] A trial court's decision to grant a petition to

[4] "Either party in any civil case and the defendant in any criminal proceeding in the superior, state, or city courts may appeal from any sentence, judgment, decision, or decree of the court, or of the judge thereof in any matter heard at chambers." OCGA § 5-6-33 (a) (1). See also OCGA § 5-6-37 ("All parties to the proceedings in the lower court shall be parties on appeal and shall be served with a copy of the notice of appeal in the manner prescribed by [the Appellate Practice Act].").

[5] Contrary to the Stones' contention, this case is not controlled by *Lockey v. Bennett*, 244 Ga. 339 (260 SE2d 56) (1979). In that case, the Supreme Court of Georgia decided in one appeal that the appellants had no statutory right to file objections to an adoption petition under the predecessor to OCGA § 19-8-15. 244 Ga. at 340 (1). Once it had been judicially determined and affirmed on appeal that they

adopt a child over the objections of a blood relative who has a statutory right to lodge objections is necessarily an adverse decision as to that person. We conclude that a right to appellate review of such an adverse decision flows from the statutory right to participate in the proceedings in the trial court.[6]

Moreover, even if this were not so as a general matter, we conclude that in these proceedings specifically Parker is a party and has standing to appeal. The Stones served him with a summons, and he filed a response to their petition as directed by the summons. The trial court ordered Parker to undergo a psychological

lacked standing to file objections to the adoption petition, it followed that they lacked standing to pursue in a separate appeal any challenge to the adoption decree that followed. 244 Ga. at 340 (2). See *Echols v. Cochran*, 214 Ga. App. 348 (447 SE2d 700) (1994).

[6] See *Echols v. Cochran*, 214 Ga. App. at 348 (addressing on the merits an appeal filed by blood relatives of a child sought to be adopted, where the child had no legal father or legal mother living, from an order declaring that the appellants lacked standing to file objections to the adoption petition); see also *State Bar of Georgia v. Beazley*, 256 Ga. 561, 563 (1) (b) (350 SE2d 422) (1986) ("The term 'party' to an action includes all who are directly interested in the subject matter, and who have a right to make defense, control the pleadings, examine and cross-examine witnesses, and appeal from the judgment.") (citations omitted); *Georgia Music Operators Assn. v. Fulton County*, 184 Ga. 348, 349-350 (1), (2) (191 SE 117) (1937) ("[A] party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interest." Only a party who is aggrieved by a judgment has a legal right to except thereto as having "just cause" to complain of the judgment.) (citations and punctuation omitted); see generally Christopher J. McFadden et al., *Ga. Appellate Practice*, § 16.1 (updated November 2014).

examination and submit to a home evaluation. He filed pleadings, which the Stones sought to quash and which we ruled were quashed in error. *Parker v. Stone*, 306 Ga. App. at 637-638 (1). In the earlier appeal, we held that the record establishes that A. S. has no legal father or legal mother living and that, as a result, Parker has standing under OCGA § 19-8-15 to file objections to the Stones' petition, provided that he is a blood relative. Id. Just as Parker had standing to appeal the superior court's earlier decree and its ruling dismissing his objections to the adoption and his other pleadings, he has standing to appeal from the instant decree entered upon consideration of his objections to the adoption and the evidence in support of the Stones' petition. The Stones' motion to dismiss is hereby denied.[7]

2. Turning to Parker's claims on appeal, he contends that, because the juvenile court first exercised its jurisdiction to terminate the parental rights of the biological

---

[7] See also *State Bar of Georgia v. Beazley*, 256 Ga. at 563 (1) (b) (Where an attorney filed an action styled "In Re" the attorney's name, without making the State Bar of Georgia a party to the action, the State Bar was nonetheless a party to the action capable of injecting the res judicata doctrine. The Supreme Court noted that the State Bar participated in the action by the lower court's invitation, because of the State Bar's extensive past involvement with the case and its possession of certain documents and transcripts from previous litigation; the State Bar filed an answer, responses to the attorney's motions and motions of its own; it was ordered by rule nisi to appear at a hearing and show cause why the attorney's motion to set aside should not be granted; it introduced exhibits into evidence; it pursued an appeal; and it otherwise acted and was treated as a party.).

parents, the superior court did not have jurisdiction to enter an adoption decree that terminated the parental rights of the biological father. Parker contends that the trial court failed to follow the holding of *In the Interest of J. C. W.*, 315 Ga. App. 566 (727 SE2d 127) (2012), and erred in exercising jurisdiction.

"The doctrine of priority jurisdiction provides that[,] where different tribunals have concurrent jurisdiction over a matter, the first court to exercise jurisdiction will retain it." (Citation and footnote omitted.) *Stanfield v. Alizota*, 294 Ga. 813, 815 (756 SE2d 526) (2014).[8] For example, because juvenile courts and superior courts have concurrent jurisdiction over termination of parental rights, the first court taking jurisdiction over such a matter retains jurisdiction. *In the Interest of J. C. W.*, 315 Ga. App. at 572 (1). As we explained, the policy behind the doctrine of priority jurisdiction is to reduce litigation, by avoiding duplicative suits, and to avoid inconsistent, competing rulings on an issue. Id.

In this case, the juvenile court and the superior court potentially had concurrent jurisdiction with respect to the issue of termination of parental rights, and a petition for termination of the parental rights had been filed in the juvenile court before the

---

[8] See OCGA § 23-1-5 ("Where law and equity have concurrent jurisdiction, whichever first takes jurisdiction shall retain it, unless a good reason shall be given for the interference of equity.").

Stones filed their adoption petition in the superior court. It is undisputed, however, that the juvenile court never issued a ruling regarding the parental rights of A. S.'s biological father, C. W., because C. W. filed a petition for legitimation and that the juvenile court later dismissed the petition for legitimation without declaring that C. W. is A. S.'s legal father. When the superior court considered the Stones' adoption petition, the proceeding in the juvenile court had long since ended, and therefore there was no problem of overlapping jurisdiction or competing, inconsistent rulings.[9] Furthermore, because, at the time of the final hearing and ruling on the Stones' adoption petition, C. W. was a biological father who had failed to take any of the actions to acquire the rights of a legal father to object to adoption proceedings, OCGA § 19-8-12 (f)[10] required the superior court to enter an order terminating his

---

[9] See *Griffin v. State*, 266 Ga. 115 (464 SE2d 371) (1995) ("Where two or more courts have concurrent jurisdiction of the same offense, the court which first acquires jurisdiction of the prosecution retains it to the exclusion of others *while that case is pending*, thereby preempting jurisdiction for all offenses originating in the same course of criminal conduct.") (citations omitted; emphasis supplied).

[10] See footnote 3, supra.

parental rights.[11] Parker's argument presents no basis for reversing the superior court's adoption decree.[12]

3. The Stones' motion pursuant to Court of Appeals Rule 15 (b) to impose a penalty for frivolous appeal is hereby denied.

*Judgment affirmed. McFadden, J., concurs. Dillard, J., concurs fully in Divisions 1 and 3, and in judgment only in Division 2.*

---

[11] See *In the Interest of V. B. L.*, 306 Ga. App. 709, 712 (1) (703 SE2d 127) (2010); *Smith v. Soligon*, 254 Ga. App. 172, 174-175 (3) (561 SE2d 850) (2002).

[12] Compare *In the Interest of J. C. W.*, cited by Parker. In that case, the State filed a petition seeking termination of a mother's parental rights to her children in the juvenile court. Id. at 568. While the juvenile court proceeding was pending, the children's foster parents filed a petition for adoption that also sought termination of the mother's parental rights. Id. at 570-571. The juvenile court issued an order denying the petition for termination of parental rights, finding that termination was not in the children's best interests. Id. at 570. Thereafter, the superior court granted the adoption petition and terminated the mother's parental rights. Id. at 571. On appeal, we vacated the superior court's order terminating the mother's parental rights. Id. at 571-572 (1).

A15A1223. PARKER v. STONE et al.

DILLARD, Judge, concurring specially.

I concur fully as to Divisions 1 and 3 of the majority's opinion. I concur in judgment only as to Division 2 because I do not agree with all that is said in that division of the majority opinion. Thus, the majority's opinion in Division 2 decides only the issues presented in that division and may not be cited as binding precedent in future cases. *See* Court of Appeals Rule 33 (a).