A89A1720. CAMPBELL v. HOLCOMB et al.
(388 SE2d 65)

DEEN, Presiding Judge.

In this appeal we must determine whether the trial court erred in granting visitation rights to the paternal grandparents of a minor child after the child's natural father's parental rights had been terminated and the child had been adopted by his stepfather.

In the instant case the natural parents of seven-year-old Devin Hugh Campbell, formerly Devin Hugh Holcomb, are Laura Ann Holcomb Campbell and David Hugh Holcomb. They were divorced in 1987, and Mrs. Campbell, then Mrs. Holcomb, was given custody of the minor child.

On October 3, 1988, David Holcomb relinquished all parental rights. The plaintiffs/appellees Judith Mayo and Bobby Hugh Holcomb, parents of David Holcomb and paternal grandparents of the minor child, subsequently filed a petition for visitation rights. Mark Campbell, appellant's present husband, filed an adoption petition, and on February 16, 1989, a judgment of adoption was entered. In the meanwhile, on December 13, 1988, a temporary order was entered granting visitation rights to the grandparents.

On March 16, 1989, the trial court, over appellant's objections, again granted visitation rights to the paternal grandparents, holding that neither OCGA § 19-7-3 nor § 19-8-14 barred the award of visitation. Mrs. Campbell filed an interlocutory appeal, and this court granted the appeal. Mrs. Campbell contends that the adoption cut off

all relations between the grandparents and the minor child under OCGA § 19-8-14, and thus, under OCGA § 19-7-3, the grandparents are not now entitled to visitation rights. *Held*:

OCGA § 19-8-14 (a) provides: "A decree of adoption . . . shall have the following effect as to matters within the jurisdiction of or before a court in this state: (1) Except with respect to a spouse of the petitioner and relatives of the spouse, a decree of adoption relieves the natural parent(s) of the adopted individual of all parental rights and responsibilities and terminates all legal relationships between the adopted individual and his relatives, including his natural parent(s), so that the adopted individual thereafter is a stranger to his former relatives for all purposes. . . ." As to grandparent visitation rights, OCGA § 19-7-3 provides: "(a) As used in this Code section, the term 'grandparent' means the parent of a parent of a minor child, the parent of a minor child's parent who has died, and the parent of a minor child's parent whose parental rights have been terminated. (b) Any grandparent shall have the right to file an original action for visitation rights to a minor child or to intervene in and obtain visitation rights . . . whenever there has been an adoption in which the adopted child has been adopted by the child's *blood* relative, notwithstanding the provisions of Code Section 19-8-14." (Emphasis supplied.)

The appellee/grandparents contend that OCGA § 19-7-3 constitutes an exception to § 19-8-14. However, OCGA § 19-7-3 clearly sets forth the single limited exception to the OCGA § 19-8-14 provisions which sever all former relationships of the adopted child. This limited exception occurs when the adoption is by a *blood* relative of the minor child. In all other adoptions, the severance provisions of OCGA § 19-8-14 control, thereby extinguishing any rights of visitation to the former grandparents. Compare *Mitchell v. Erdmier*, 253 Ga. 335, 336 (320 SE2d 163) (1984) (decided under the 1980 statute), and *Heard v. Coleman*, 181 Ga. App. 899, 900 (354 SE2d 164) (1987) (decided under the 1986 statute).

In the instant case the minor child was adopted by his stepfather, not by a blood relative; thus the situation here does not fall under the sole statutory exception of OCGA § 19-8-14.[1] Therefore, the grandparents are not entitled to visitation rights, and the trial court erred in granting them. The judgment below must be and hereby is reversed.

*Judgment reversed. Birdsong and Benham, JJ., concur.*

---

[1] Appellees contend that the fact that the grandparents originally filed their petition for visitation rights before the adoption had been completed should make a difference in the result. They cite no authority for this contention, and we find none.

DECIDED NOVEMBER 9, 1989.

*Cowen & Cowen, Martin L. Cowen III,* for appellant.
*Griffin E. Howell III,* for appellees.