A91A1431. MURPHY et al. v. McCARTHY et al.
(410 SE2d 198)

BIRDSONG, Presiding Judge.

We granted John and Jeanette Murphy's application for an interlocutory appeal to review the trial court's grant of Austin and Ellen McCarthy's motion to intervene in the Murphys' proceedings to adopt the McCarthys' grandchild.

The record shows the Murphys' adoption petition was supported by the necessary supporting documentation, including both natural parents' voluntary surrender of their parental rights to the Murphys. The record also shows the child's parents are living adults, a married couple, and the mother of the child is the McCarthys' daughter. The Murphys are not blood relatives of the child.

After the McCarthys' petition to intervene in the proceedings to raise objections to an adoption by the Murphys was granted, the Murphys brought this appeal contending that the McCarthys were not authorized to intervene. *Held*:

Although we understand the McCarthys' need to assure what they believe sincerely to be the best possible life for their grandchild, the laws of this state do not authorize them to intervene in this adoption proceeding. Contrary to the McCarthys' assertion, OCGA § 19-7-3 only authorizes grandparents to intervene to obtain visitation rights in the proceedings specified in the Code section. *Campbell v. Holcomb*, 193 Ga. App. 474, 475 (388 SE2d 65). The only adoption proceedings listed are those in which the child is being adopted by a blood relative. Id. Further, an adoption is not the equivalent to a proceeding to terminate parental rights within the meaning of OCGA § 19-7-3. *Mitchell v. Erdmier*, 253 Ga. 335 (320 SE2d 163); *Heard v. Coleman*, 181 Ga. App. 899, 900 (354 SE2d 164).

Moreover, it is clear from their pleadings the McCarthys did not intervene to seek visitation rights, but instead intervened to object to the adoption by the Murphys and to seek to adopt the child them-

selves. Accordingly, OCGA § 19-7-3 is inapplicable, and OCGA § 19-8-15 governs when objections by blood relatives and grandparents are allowed. Any blood relatives may object when the legal parents are not living, and grandparents "with visitation rights to a child granted pursuant to Code Section 19-7-3 shall have the privilege to file objections to the petition of adoption if neither parent has any further rights to the child and if the petition for adoption has been filed by a blood relative of the child." OCGA § 19-8-15. None of the conditions being relevant, the McCarthys are not authorized to intervene in these adoption proceedings, and the order granting their intervention must be reversed.

*Judgment reversed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 3, 1991.

*Monroe Ferguson,* for appellants.
*James J. Macie,* for appellees.