## A92A1666. ECHOLS v. SMITH.
### (427 SE2d 820)

COOPER, Judge.

We granted appellant's application for discretionary appeal to determine whether the trial court erred in granting visitation rights to the paternal grandmother of three minor children after the children's natural father voluntarily terminated his parental rights and the children were adopted by their stepfather.

The natural parents of the children, Leslie and Jeffery Smith, were divorced, and Mrs. Smith was awarded custody of the children. A year later, Mrs. Smith and appellant were married. Shortly thereafter, Mr. Smith voluntarily terminated his parental rights to the children. Appellant then petitioned to adopt the children, and appellee, Mr. Smith's mother and the paternal grandmother of the children, intervened in the adoption proceedings seeking visitation rights pursuant to OCGA § 19-7-3 (b). The trial court granted both the adoption and appellee's petition for visitation. Appellant appeals only from that portion of the judgment granting grandparent visitation.

Appellant contends that the grant of visitation rights to appellee was not authorized by OCGA § 19-7-3 (b) because the minor children were adopted by their stepfather, who is not a blood relative, after their father voluntarily surrendered his parental rights. We agree. This case is controlled by the decision rendered in *Campbell v. Holcomb*, 193 Ga. App. 474 (388 SE2d 65) (1989). Based on virtually identical facts, this court explained that "OCGA § 19-7-3 clearly sets

forth the single limited exception to the OCGA § [19-8-19] provisions which sever all former relationships of the adopted child. This limited exception occurs when the adoption is by a *blood* relative of the minor child. In all other adoptions, the severance provisions of OCGA § [19-8-19] control, thereby extinguishing any rights of visitation to the former grandparents. [Cits.]" Id. at 475. Accord *Murphy v. McCarthy*, 201 Ga. App. 101 (410 SE2d 198) (1991). As in *Campbell*, "the minor child[ren were] adopted by [their] stepfather, not by a blood relative; thus the situation here does not fall under the sole statutory exception of OCGA § [19-8-19]. Therefore, the [grandmother is] not entitled to visitation rights, and the trial court erred in granting them." *Campbell*, supra. Appellee concedes that the instant case is on all fours with *Campbell*, and her attempt to distinguish *Campbell* based on earlier versions of OCGA § 19-7-3 is unpersuasive because the statutory language construed by the court in *Campbell* is identical to the current versions of OCGA §§ 19-7-3 and 19-8-19.

Because appellee did not have a viable claim for visitation under OCGA § 19-7-3 (b), we need not specifically address appellant's second enumeration of error, that the trial court erred in using the "best interest of the child" standard in granting visitation rights.

*Judgment reversed. McMurray, P. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I am constrained to agree with my colleagues that the trial court erred in granting visitation to the paternal grandmother after the adoption of the minor children by a stepfather who is not a blood relative. The legislature has specifically limited the visitation rights of grandparents after an adoption to those instances in which the adopting parent is a *blood* relative. It is most unfortunate that, as a matter of law, every grandparent is denied the right of visitation in every instance of adoption by a non-blood relative, without regard for what may be in the best interest of the child. While arguably such a result may be in the best interest of an unknowing infant, who would make the case that the interest of a child who has had a loving, on-going relationship for years with a caring grandparent are necessarily served by severing such relationship. Such decisions should be made by a judge based upon the facts of each case. It is the prerogative of the legislature to address this matter.

Where the language of the statute is plain, unambiguous and positive, and is not capable of two constructions, no court has a right to construe it to mean anything other than what it says. *Sirota v. Kay Homes, Inc.*, 208 Ga. 113 (65 SE2d 597) (1951); Ga. Const. of 1983, Art. I, Sec. II, Par. III.

DECIDED FEBRUARY 10, 1993.

*Patrice S. Howard*, for appellant.
*Mary P. Schildmeyer*, for appellee.