A92A1778. KELLY v. SILVERSTEIN.
(427 SE2d 851)

COOPER, Judge.

Appellant appeals from the trial court's grant of an adoption and the termination of his visitation and custodial rights with respect to his ex-wife's son.

Appellant and Sharon Silverstein ("Mrs. Silverstein") were married on April 1, 1988 and lived together in North Carolina until they separated in May 1989. The couple entered into a separation agreement in contemplation of divorce which provided in part that appellant have visitation privileges with Mrs. Silverstein's four-year-old son, born of Mrs. Silverstein and another man prior to the marriage. In October of the same year, Mrs. Silverstein and the child moved to Georgia; however, despite the move, appellant still attempted to exercise his visitation rights. Mrs. Silverstein denied appellant's repeated requests to see the child, and as a consequence, appellant moved the court in North Carolina to enforce the separation agreement. The court held that the agreement was enforceable and ordered Mrs. Silverstein to abide by its visitation provisions. Appellant filed motions for change of custody and contempt in July and August 1990, respectively, in North Carolina, and on August 3, a final divorce decree was entered in Georgia, terminating the marriage, appellant having consented to jurisdiction in Georgia. In October, Mrs. Silverstein and appellee were married, and shortly thereafter, appellee commenced adoption proceedings in Georgia. Mrs. Silverstein consented to the adoption, and the child's natural father surrendered his parental rights in contemplation of the child's adoption by appellee. Appellant then filed an "Intervention and Objection to Petition for Adoption" in the Georgia proceedings. In March 1991, the North Carolina court granted temporary custody of the child to appellee, pending a determination of permanent custody, and in October 1991, the adoption petition was granted in Georgia, explicitly terminating appellant's visitation rights and custody. It is from this order that appellant appeals.

Relying on certain provisions of the Uniform Child Custody Jurisdiction Act and the Parental Kidnapping Prevention Act, appellant contends the Georgia court erred in assuming jurisdiction over the adoption because of the pendency of the North Carolina proceedings. Appellee maintains that appellant's contentions are without merit and that appellant lacks standing to appeal because he was not a proper party to the adoption proceedings. We agree.

"One who objects to the [adoption] proceedings must establish a blood relationship to the child. [Cit.]" *McDonald v. Hester*, 115 Ga. App. 740, 741 (155 SE2d 720) (1967). Furthermore, blood relationships alone do not guarantee standing to object to adoption proceedings. It is well established that "grandparents may file objections to petitions for adoption only if there is no father or mother living; otherwise, they have no standing to object. [Cit.]" *Mead v. Owens*, 149 Ga. App. 303, 304 (254 SE2d 431) (1979). Accord *Lockey v. Bennett*, 244 Ga. 339 (260 SE2d 56) (1979); *Brant v. Bazemore*, 173 Ga. App. 294, 295 (1) (325 SE2d 905) (1985). This rule applies to other blood relatives as well. See OCGA § 19-8-15. Accordingly, because appellant had no blood relationship to the child, the natural father surrendered his parental rights to appellee, and Mrs. Silverstein consented to the adoption, appellant had no standing to object to the adoption.

In addition, contrary to appellant's contention that the Georgia court erred in assuming jurisdiction over the adoption proceedings because of the previously filed proceedings in North Carolina, OCGA § 19-9-46 (a) provides as follows: "A court of this state shall not exercise its jurisdiction under this article if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another *exercising jurisdiction substantially in conformity with this article.*" (Emphasis supplied.) The record demonstrates that the North Carolina court was not exercising the requisite jurisdiction under the Uniform Child Custody Jurisdiction Act or the Parental Kidnapping Prevention Act because by July 1990, when appellant filed his motion for change in custody, North Carolina was no longer the child's home state, North Carolina had not been the child's home state within six months before commencement of the custody proceeding, nor had the child been wrongfully removed from North Carolina. See OCGA § 19-9-43 (a) (1); 28 USC § 1738A (c) (2) (A).

Based on the foregoing, we need not further address appellant's enumerations of error.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 18, 1993.

*McCorkle, Pedigo & Johnson, Carl S. Pedigo, Jr., David H. Johnson*, for appellant.

Francois H. Silverstein, *pro se.*