A97A2042. BAUM et al. v. MOORE et al.
(496 SE2d 307)

ANDREWS, Chief Judge.

Selma and John Baum (grandparents) appeal from the trial court's denial of their motion to intervene in the adoption of their grandchildren and also from the Final Decree of Adoption permitting David and Jeanna Moore to adopt the children. We affirm the judgment of the trial court.

In February 1996, the Baums, the children's maternal grandparents, were awarded temporary custody of the children in a deprivation action in juvenile court. The natural parents consented to this custody.

On September 12, 1996, the juvenile court returned custody to the parents, finding "the best interests of the children would be served by returning legal and physical custody with the parents. . . ." The court also granted visitation rights to the grandparents who consented to the return of custody.

On January 14, 1997, the Moores, who were not related to the children, filed a Petition for Adoption in the Superior Court. The par-

ents voluntarily surrendered their parental rights and agreed to the adoption.

After discovering the Moores were going to adopt the children, the grandparents filed a motion to intervene in the adoption proceedings. The grandparents later filed an amended motion to intervene which included a petition for adoption.

The trial court denied the motion to intervene and granted the Moores' petition for adoption. The grandparents appealed to the Supreme Court of Georgia, alleging in part that OCGA § 19-8-15 is unconstitutional.

The Supreme Court of Georgia ordered the case transferred to this Court, holding that no constitutional issue was raised or ruled on by the trial court. Because of the Supreme Court's ruling on the constitutional issues, the only remaining issue upon transfer to this Court is whether the trial court erred in denying the grandparents' motion to intervene as of right under OCGA § 9-11-24 (a) (2).

The grandparents argue OCGA § 19-7-1 (b.1) gives them the right to intervene in the adoption proceeding. OCGA § 19-7-1 provides as follows:

"*19-7-1. In whom parental power lies; how such power lost; recovery for homicide of child.*

"(a) Until he reaches the age of majority, the child shall remain under the control of his parents, who are entitled to his services and the proceeds of his labor. In the event that a court has awarded custody of the child to one parent, only the parent who has custody of the child is entitled to his services and the proceeds of his labor.

"(b) Parental power shall be lost by:

"(1) Voluntary contract releasing the right to a third person;

"(2) Consent to the adoption of the child by a third person;

. . .

"(b.1) Notwithstanding subsections (a) and (b) of this Code section or any other law to the contrary, in any action involving the custody of a child between the parents or either parent and a third party limited to grandparent, aunt, uncle, great aunt, great uncle, sibling, or adoptive parent, parental power may be lost by the parent, parents, or any other person if the court hearing the issue of custody, in the exercise of its sound discretion and taking into consideration all the circumstances of the case, determines that an award of custody to such third party is for the best interest of the child or children and will best promote their welfare and happiness. There shall be a rebuttable presumption that it is in the best interest of the child or children for custody to be awarded to the parent or parents of such child or children, but this presumption may be overcome by a showing that an award of custody to such third party is in the best interest of the child or children. The sole issue for determination in any

such case shall be what is in the best interest of the child or children."

When one reads OCGA § 19-7-1 (b.1) in the context of the entire Code section, it is apparent that this subsection is concerned solely with *how* parental power may be lost. This section does not create a new right to intervene in an adoption proceeding, but merely states that when custody is an issue between parents or between a parent and certain third parties, parental power may be lost if the court determines that an award of custody to a third party is in the best interest of the child.

Moreover, it is a well-settled rule of statutory construction that a statute must be construed in relation to other statutes, and all statutes dealing with the same subject matter are construed together and harmonized wherever possible so as to give effect to the legislative intent. *In the Interest of A. V. B.*, 222 Ga. App. 241, 244 (474 SE2d 114) (1996). OCGA § 19-8-15 provides that blood relatives may object to a petition for adoption when the child has no legal mother or father living. This Code section also provides that grandparents with visitation rights may file objections to a petition for adoption if neither parent has any further rights to the child and if the petition for adoption has been filed by a blood relative of the child. Thus, OCGA § 19-8-15 sets out in detail when blood relatives and grandparents with visitation rights may object to an adoption. As the trial court noted, this Court has addressed the same situation and held the grandparents had no right to intervene in the adoption proceedings, citing OCGA § 19-8-15. *Murphy v. McCarthy*, 201 Ga. App. 101 (410 SE2d 198) (1991). Therefore, we reject the interpretation of OCGA § 19-7-1 (b.1) argued by the grandparents because it ignores both the plain language of the statute and renders meaningless OCGA § 19-8-15 which limits the rights of grandparents and other blood relatives to file objections to petitions for adoption.

Accordingly, we hold that OCGA § 19-7-1 (b.1) does not allow the grandparents to intervene in the adoption proceeding between the children's parents and the Moores. The trial court did not err in denying the grandparents' motion to intervene and in granting the Moores' petition for adoption.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 20, 1998

*Alembik, Fine & Callner, Kathy L. Portnoy, Bruce R. Steinfeld*, for appellants.

*Paul L. Curcione, Lynn S. McNeese*, for appellees.