A06A2041. SMITH v. HUTCHESON.
(640 SE2d 690)

ANDREWS, Presiding Judge.

Flora Smith, the paternal grandmother of L. M. S., her then three-year-old grandson, appeals from the superior court's dismissal of her petition to adopt the child.

According to the trial court's order,[1] a protective order was issued by the juvenile court on July 12, 2004, finding that both parents of L. M. S. had failed to provide adequate supervision and medical care. L. M. S. was temporarily placed with Anthony Hutcheson, the maternal grandfather, and his wife Ann. On January 10, 2005, the Juvenile Court of Toombs County found L. M. S. to be deprived. Temporary custody was placed in Anthony and Ann Hutcheson for a period of two years from January 10, 2005. In August 2005, Flora Smith filed her petition for adoption of L. M. S.[2] Attached to her petition were the surrender of rights for adoption of both the biological mother and father. Smith already had legal guardianship of R. N. S., the younger sister of L. M. S., and had filed a petition to adopt her also.

Anthony and Ann Hutcheson answered Smith's petition and, although not contained in the record here, filed their own petition to adopt L. M. S. in a separate action. According to the judgment appealed, the trial court considered both petitions to adopt.

Following a hearing, the superior court dismissed both adoption petitions, finding that, based on the juvenile court's order granting

---

[1] Although both parties discuss numerous hearings, pleadings, and case plans of the juvenile court, the record here contains only the January 10, 2005 juvenile court order.

[2] Michael Smith, father of L. M. S., was the biological grandson and adopted son of Flora Smith.

temporary custody to Hutcheson and that court's grant of visitation rights to Smith with L. M. S., that collateral estoppel applied. Therefore, the superior court would not readjudicate the issue of permanent custody in light of the juvenile court's findings on temporary custody.

"In matters of adoption[,] the superior court has a very broad discretion which will not be controlled by the appellate courts except in cases of plain abuse." (Citation and punctuation omitted.) *McCurry v. Harding*, 270 Ga. App. 416, 417 (606 SE2d 639) (2004).

1. Smith's first enumeration of error is that the trial court erred in dismissing her petition by allowing Hutcheson to intervene in her adoption proceeding because he lacked legal standing to object.

As argued by Smith, generally, under OCGA § 19-8-15, blood relatives may object to an adoption only when the legal parents are not living. *Lockey v. Bennett*, 244 Ga. 339, 340 (1) (260 SE2d 56) (1979); *Kelly v. Silverstein*, 207 Ga. App. 381, 382 (427 SE2d 851) (1993); *Murphy v. McCarthy*, 201 Ga. App. 101, 102 (410 SE2d 198) (1991).

That, however, does not mean that the trial court erred in considering Hutcheson's petition to adopt along with Smith's, as occurred here.

> Under certain circumstances, relatives, including grandparents, are specifically authorized to seek adoption of a child even if the child has a living parent or guardian. See OCGA §§ 19-8-3; 19-8-7; 19-8-10. Under those Code sections, a relative, as defined therein, may seek adoption if he or she can show that each living parent or guardian has either voluntarily surrendered his or her rights in the child to that relative or should lose his or her rights to be a parent pursuant to OCGA § 19-8-10.

*McCollum v. Jones*, 274 Ga. App. 815, 817 (619 SE2d 313) (2005).

During the hearing, Department of Family and Children Services caseworker Baker testified that the case plans of the juvenile court required that L. M. S.'s parents, Michael Smith and Kacy Hutcheson, undergo drug screens, obtain employment, and provide support for the child. According to Baker, Smith had a positive drug screen and both he and Kacy Hutcheson were noncompliant with the testing. Also, neither parent provided support for L. M. S. Kacy Hutcheson testified and acknowledged that, although she had recently obtained employment, she was unable to take care of L. M. S. Michael Smith had made only de minimus contributions to the support of L. M. S.

Although the Hutchesons' petition to adopt is not before us, based on the evidence put forward by Anthony Hutcheson, we assume the petition alleged such a claim under OCGA § 19-8-10 and that the trial court properly considered it.

> There is a presumption that the judgment below was correct. It is the burden of the appellant in asserting error to show it by the record. Every presumption of legality will be made in favor of a judgment by a court of competent jurisdiction and it will be presumed it is supported by every fact essential to make such judgment valid and binding.

(Citations and punctuation omitted.) *Blue Stone Lofts, LLC v. D'Amelio*, 268 Ga. App. 355, 358 (601 SE2d 719) (2004).

There was no error.

2. In her second enumeration, Smith argues that the trial court erred in dismissing her petition "based on the fact that Depravation [sic] Proceedings with regards to the minor child were ongoing in the Juvenile Court and therefore the Superior Court did not have Subject Matter Jurisdiction over the Petition."

Smith is correct that the pendency of a deprivation petition in juvenile court does not divest the superior court of its exclusive subject matter jurisdiction of an adoption proceeding. *Snyder v. Carter*, 276 Ga. App. 426, 427 (623 SE2d 241) (2005).

As noted by Hutcheson, however, that is not what the trial court's ruling found in this case, although some of the wording of the order lends itself to that interpretation.

The juvenile court's order of January 10, 2005 reflects that, pursuant to her motion to intervene, Smith was made a party to the juvenile proceeding and was represented by counsel. Hutcheson, although we are unable to tell from the record here if he was formally made a party to the juvenile proceeding, participated and was represented by counsel. The juvenile court's order further reflects that Smith was granted continued visitation with L. M. S. in the juvenile proceeding.

As to all the issues considered by the juvenile court, Smith was, as held by the superior court, collaterally estopped to relitigate those issues in the superior court. See *Edmondson v. Gilmore*, 251 Ga. App. 776, 778 (1) (554 SE2d 742) (2001), rev'd, *In re T. M. G.*, 275 Ga. 543 (570 SE2d 327) (2002) (only as to this Court's conclusion that the Edmondsons "acted and were treated as parties" and were therefore bound by collateral estoppel).

Further, the trial court did consider both petitions for adoption and its order found both the advantages and disadvantages of Hutcheson and Smith as adoptive parents. While the trial court did opt to defer

to the juvenile court regarding L. M. S.'s future, he did so by dismissing the petitions to adopt and holding open the option for future petitions to adopt following the juvenile court's final action in the deprivation matter.

Under these circumstances, it cannot be said that the trial court's finding it in the best interest of L. M. S. to continue the status quo pending the juvenile court's final action was an abuse of discretion. *Madison v. Barnett*, 268 Ga. App. 348 (601 SE2d 704) (2004); see *Stills v. Johnson*, 272 Ga. 645, 649 (2) (533 SE2d 695) (2000).

3. Finally, Smith argues that the trial court erred in denying her petition because she met her burden of proof regarding the requirements for granting an adoption pursuant to OCGA § 19-8-18 (b).

The bulk of the argument made here is based on colloquy between counsel and the court at the end of the hearing. While the trial court orally indicated that he thought Smith was capable of caring for L. M. S., such a statement is not a ruling by the court subject to our review nor is it a finding that the adoption would be in the best interest of the child. A judgment must be reduced to writing, signed by the judge, and filed with the clerk of the court. *Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003).

Nothing for our review is presented by this enumeration.
*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED DECEMBER 20, 2006.

*Smith & Cannon, Judson F. Smith, Jr.*, for appellant.
*Malcolm F. Bryant, Jr.*, for appellee.