## A10A1809. BAILEY et al. v. KUNZ et al.
(706 SE2d 98)

DOYLE, Judge.

Appellants Douglas and Carrie Jean Bailey appeal from the denial of their motion to dismiss a petition, filed by Robert and Royce Kunz, for grandparent visitation with the Baileys' child. Because the trial court incorrectly concluded that OCGA § 19-7-3 (b) authorizes

---

[6] OCGA § 15-11-63 (c).

[7] (Citations and punctuation omitted.) *In the Interest of M. D. L.*, 271 Ga. App. 738, 742 (3) (610 SE2d 687) (2005).

[8] See id.

such a petition, we reverse.

The relevant facts are undisputed. Carrie Jean was married to and conceived a child with Jason Kunz, son of Robert and Royce. In June 2002, while Carrie Jean was still pregnant, the couple divorced; the child was born four months later. Carrie Jean thereafter married Douglas Bailey, and in 2006, Jason surrendered his parental rights, and Douglas adopted the child.

After a dispute arose over ongoing grandparent visitation, Jason's parents, the Kunzes, filed this petition for visitation with the minor child in October 2009. The Baileys moved to dismiss the petition because of the adoption and Jason's surrender of his parental rights, arguing that such a petition was not authorized because the Baileys were the legal parents and lived together with the child. The trial court denied the motion, giving rise to this appeal.[1]

This action is governed by OCGA § 19-7-3 (b), which provides as follows, in relevant part:

> *Except as otherwise provided in this subsection,* any grandparent shall have the right to file an original action for visitation rights to a minor child or to intervene in and seek to obtain visitation rights in any action in which any court in this state shall have before it any question concerning the custody of a minor child, . . . or whenever there has been an adoption in which the adopted child has been adopted by the child's blood relative or by a stepparent, notwithstanding the provisions of Code Section 19-8-19.[2] *This subsection shall not authorize an original action where the parents of the minor child are not separated and the child is living with both of the parents.*[3]

According to the Baileys, the trial court erred by not treating Douglas as a "parent" for purposes of the language emphasized above, which forbids original actions by grandparents if the child resides with both parents. Prior to the petition in this case, the child was adopted by Douglas, who is now a legal parent under OCGA § 19-8-19 and who is married to and lives with Carrie Jean.[4] Thus, the core question, under these facts, is whether Douglas is a "parent"

---

[1] A party seeking to appeal an order in a child custody case, including visitation, is entitled to a direct appeal. See *Cohen v. Cohen*, 300 Ga. App. 7, 8 (1) (684 SE2d 94) (2009); *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009).

[2] OCGA § 19-8-19 establishes family relationships after adoption and severs ties with former family after adoption.

[3] (Emphasis supplied.)

[4] See OCGA § 19-8-19 (a) (2).

within the meaning of the limiting language of the subsection's last sentence or whether the term is limited to "natural" or "biological" parents.

The "golden rule" of statutory construction

> requires us to follow the literal language of the statute unless it produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else. When literal reading of the statute produces such an absurdity, the appellate court must then seek to make sense out of the statute, while being faithful to the legislative intent. To define the legislative intent, the court considers the purpose of the statute and its impact on the body of law as a whole. The court also considers the law as it existed before the statute was passed and identifies the mischief sought to be corrected.[5]

Further,

> [t]he General Assembly is presumed to enact all statutes with full knowledge of the existing condition of the law and with reference to it. The meaning and effect of a statute are to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts.[6]

As it appears in OCGA § 19-7-3 (b), the word "parent" is undefined. However, as pointed out by the Baileys, the word "parent" is defined for purposes of the adoption statute to include the "legal father" of a child, which includes a male who has legally adopted a child.[7] Thus, after an adoption, the adoptive parents are treated "as if the adopted individual were a child of biological issue of that" parent, and the adopted child is treated as "a biological child" of the adoptive parent.[8] The definition attributed to the term "parent" under the adoption statute "has obvious import in the construction of the same term within the" Code section on grandparent visitation rights, particularly as it addresses adoptive stepparents.[9] Indeed, as expressly stated in OCGA § 19-8-19 (a) (1), an

---

[5] (Punctuation omitted.) *Ga. Power Co. v. Monroe County*, 284 Ga. App. 707, 709 (644 SE2d 882) (2007).

[6] (Citation and punctuation omitted.) *Summerlin v. Ga. Pines Community Svc. Bd.*, 286 Ga. 593, 594 (2) (690 SE2d 401) (2010).

[7] See OCGA § 19-8-1 (6), (8).

[8] OCGA § 19-8-19 (a) (2).

[9] (Emphasis supplied.) *Summerlin*, 286 Ga. at 596 (2).

adopted child is "a stranger to his former relatives for all purposes, *including . . . interpretation or construction of . . . statutes.*"[10] Thus, in construing OCGA § 19-7-3 (b), we decline to ignore the adoption statute's definition of parent, which gives full legal status to adoptive parents.

Furthermore, looking to the law as it existed before this language was added, we note that the subsection lacked any limitation.[11] However, in *Brooks v. Parkerson*,[12] the Supreme Court of Georgia struck down the grandparent visitation statute as unconstitutional because it failed to adequately recognize the "constitutionally protected interest of parents to raise their children without undue state interference."[13] In its next legislative session, the General Assembly amended the subsection to include the limiting language at issue here, recognizing the right of parents to raise their children without undue state interference.[14] In the absence of language limiting the term "parent" to only "natural parents" or "biological parents," we discern no legislative intent to withhold from adoptive parents the same constitutionally protected status enjoyed by biological parents to raise their children without state interference. Were we to decide otherwise, the impact on the law as a whole would be to create a second-tier parental status for adoptive stepparents even while those nuclear families are still intact. This result is at odds with the clear intent of the adoption statute to give adoptive parents full legal rights.

Based on this construction, we conclude that the limiting language of OCGA § 19-7-3 (b) — forbidding original actions for grandparent visitation if the parents are together and living with the child — includes adoptive parents.[15] Accordingly, the trial court erred by interpreting the word "parent" to include only biological parents. Therefore, the Kunzes' original petition was not authorized, and we reverse the trial court's denial of the motion to dismiss.

*Judgment reversed. Ellington, C. J., and Andrews, J., concur.*

---

[10] (Emphasis supplied.) OCGA § 19-8-19 (a) (1).

[11] See Ga. L. 1993, pp. 456-457, § 1 and Ga. L. 1996, pp. 1090-1091, § 1.

[12] 265 Ga. 189 (454 SE2d 769) (1995).

[13] Id. at 191 (2) (a).

[14] We note that, as pointed out in *Brooks*, "[a]t common law grandparents had no legal right of visitation with their grandchildren over the objections of the parents." Id. at 190 (1), n. 2.

[15] We recognize that grandparents may have a sincere, beneficent interest in participating in their grandchildren's lives, and this interest often coincides with the best interest of the child. Nevertheless, beyond constitutional considerations such as those decided in *Brooks*, policy decisions addressing disputes between grandparents and parents are the province of the legislature. See, e.g., *Powers v. CDSaxton Properties, LLC*, 285 Ga. 303, 305 (1) (676 SE2d 186) (2009) (policy concerns are matters for the legislature); *Atmos Energy Corp. v. Ga. Public Svc. Comm.*, 285 Ga. 133, 136 (3) (674 SE2d 312) (2009) (same).

DECIDED FEBRUARY 3, 2011 —

*Levine & Smith, Jonathan R. Levine, Paul J. Coburn*, for appellants.

*Edwards, McLeod & Money, Jennifer McLeod*, for appellees.