S11G0867. KUNZ et al. v. BAILEY et al.

(720 SE2d 634)

BENHAM, Justice.

Appellants Robert and Royce Kunz are the biological paternal grandparents of the child born to appellee Carrie Jean Bailey and appellants' son. After appellee Douglas Bailey married the child's mother, he adopted the child in 2006 when appellants' son terminated his parental rights to the child. Prior to and for a time after the adoption, appellants were allowed to visit the child and maintain a familial relationship with the child. At some point, however, appellees denied appellants access to the child. In 2009, appellants petitioned for visitation rights pursuant to OCGA § 19-7-3 (b). OCGA § 19-7-3 (b) provides as follows:

> Except as otherwise provided in this subsection, any grandparent shall have the right to file an original action for visitation rights to a minor child or to intervene in and seek to obtain visitation rights in any action in which any court in this state shall have before it any question concerning the custody of a minor child, a divorce of the parents or a parent of such minor child, a termination of the parental rights of either parent of such minor child, or visitation rights concerning such minor child or whenever there has been an adoption in which the adopted child has been adopted by the child's blood relative or by a stepparent, notwithstanding the provisions of Code Section 19-8-19. This subsection shall not authorize an original action where the parents of the minor child are not separated and the child is living with both of the parents.

Appellees moved to dismiss the action, but the trial court denied their motion and so appellees sought relief in the Court of Appeals pursuant to a direct appeal under OCGA § 5-6-34 (a) (11).

Applying the tenets of statutory construction, the Court of Appeals reversed the trial court's denial of appellees' motion to dismiss, concluding the appellants' original action for visitation was not permitted by OCGA § 19-7-3 (b). *Bailey v. Kunz*, 307 Ga. App. 710, 712-713 (706 SE2d 98) (2011). In support of its decision, the Court of Appeals determined that the term "parent" as used in OCGA § 19-7-3 (b) included a "legal father" as found in the adoption statute; and it also determined that the term "parent" as used in the last sentence of OCGA § 19-7-3 (b) was not limited to natural parents, but included adoptive parents as well. *Bailey v. Kunz*, 307 Ga. App. at 712-713. We granted appellants' petition for certiorari and posed the following question:

> Did the Court of Appeals correctly "conclude that the limiting language of OCGA § 19-7-3 (b) — forbidding original actions for grandparent visitation if the parents are together and living with the child — includes adoptive parents"? *Bailey v. Kunz*, 307 Ga. App. 710 (2011). Compare *Lightfoot v. Hollins*, 308 Ga. App. 538 (2011).

Because we answer the question in the affirmative, we must uphold the judgment by the Court of Appeals.

A plain reading of OCGA § 19-7-3 (b) offers two avenues by which grandparents may seek court-sanctioned visitation rights to their grandchildren. They can (1) file an original action or they can (2) intervene in an existing court action. Grandparents may intervene in any action where custody of the grandchild is an issue; in the divorce of the parents or a parent; in the termination of rights case of either parent; in the termination of visitation rights of either parent; and in the adoption of the grandchild by a blood relative or by a stepparent. Also, by virtue of the limiting language in the last sentence of OCGA § 19-7-3 (b), grandparents may only file an original action for visitation when the parents are separated *and* the child is not living with both parents. In keeping with our decision in *Brooks v. Parkerson*, 265 Ga. 189 (2) (a) (454 SE2d 769) (1995), the statute does not otherwise allow grandparents, by court action, to intrude upon the "constitutionally protected interest of parents to raise their children." Id. at 191.

In addition, the statute's last sentence does not call for distinguishing between any class of "parents," whether they be natural, adoptive, or some combination thereof. As such, we decline appellants' invitation to limit the term "parents," as it is used in the statute, to include only the natural or biological parents of the child. *SRB Investment Svcs., LLLP v. BB&T Co.*, 289 Ga. 1 (3) (a) (709 SE2d 267) (2011); *In the Interest of T. C. D.*, 281 Ga. App. 517, 518

(636 SE2d 704) (2006) (language cannot be added to a statute by judicial decree). If the General Assembly intended such a limitation, it would have included specific language to that effect in the statute. Accordingly, the Court of Appeals did not err when it concluded that the term "parents" in OCGA § 19-7-3 (b) did not exclude an adoptive parent such as Mr. Bailey.

The Court of Appeals also did not err when it concluded that the trial court erred when it denied appellees' motion to dismiss. When the child's adoption took place in 2006, appellee Douglas Bailey became the parent of the child and the child became a stranger to her biological father and his relatives, including appellants, as a matter of law. OCGA § 19-8-19. Since Mr. Bailey was the child's parent at the time appellants filed their original action for visitation in 2009 and the child was living with appellees who were not separated, appellants had no basis to file an original action for visitation under the statute. Likewise, the State had no compelling basis to interfere with the Bailey family unit which was not separated at the time the original action was filed. *Brooks v. Parkerson,* supra, 265 Ga. 189 (2) (a). Therefore dismissal of appellants' visitation action was the proper outcome and the Court of Appeals judgment is affirmed.[1]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Edwards, McLeod & Money, Jennifer McLeod,* for appellants.
*Levine & Smith, Jonathan R. Levine, Paul J. Coburn, David A. Webster,* for appellees.

---

[1] Finally, *Lightfoot v. Hollins,* 308 Ga. App. 538, 539 (707 SE2d 491) (2011) is disapproved to the extent the judgment therein is not in keeping with this opinion.