A11A2247. HUDGINS et al. v. HARDING et al.
(722 SE2d 355)

MILLER, Judge.

Bessie Hudgins files this pro se appeal from an order denying her petition for grandparents' visitation rights with minor child, K. H., pursuant to Georgia's Grandparent Visitation Statute, OCGA § 19-7-3. For the following reasons, we reverse the trial court's order and remand this case with direction.

Barbara Harding and Christopher McCurry are the natural parents of three minor children. See *McCurry v. Harding*, 270 Ga. App. 416 (606 SE2d 639) (2004). Harding and McCurry divorced in February 1999, and Harding was awarded sole custody of their three minor children. Id. Harding was remarried in May 2000 to Wesley Harding. Id. at 417. In 2003, the trial court granted Wesley Harding's petition to adopt the three minor children, which this Court affirmed. Id. at 416-417, 421 (5). "In granting the petition for adoption the trial court found that McCurry had failed to communicate with or support the three minor children for a period of at least one year, terminated his parental rights, and held that the adoption

---

was in the best interest of the children." Id. at 416. Hudgins, the biological paternal grandmother of the minor children, subsequently filed a grandparents' petition for visitation rights with the children pursuant to OCGA § 19-7-3. The trial court denied Hudgins's petition with respect to the youngest child, K. H., from which ruling Hudgins now appeals.

As an initial matter, Hudgins's brief on appeal fails to comply with the rules of this Court. See Georgia Court of Appeals Rule 25. Significantly, Hudgins sets forth no arguments and no citation to legal authority, instead posing three "issues" before the Court. See Georgia Court of Appeals Rule 25 (a) (3).

> Briefs that do not conform to the rules regarding enumerations of error, structure of briefs, argument, or citation of authorities, as [Hudgins's] fails to do, are not merely an inconvenience or grounds for refusing to consider a party's contentions. Such briefs hinder this [C]ourt in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown. Nevertheless, we will address [Hudgins's] arguments, insofar as we are able to ascertain them from her brief.

(Citation and punctuation omitted.) *Morman-Johnson v. Hathaway*, 312 Ga. App. 300, 301 (718 SE2d 132) (2011).

Hudgins challenges the basis of the trial court's authority in denying her visitation petition with respect to K. H. The trial court concluded that Hudgins was not entitled to seek visitation rights in light of Wesley Harding's adoption of K. H. We disagree.

Generally, the adoption of a minor child extinguishes any visitation rights of the child's former grandparents — OCGA § 19-8-19 (a) (1) provides that a decree of adoption has the effect of severing all former relationships of the adopted child. The Grandparent Visitation Statute, codified in OCGA § 19-7-3 (b), however, sets forth a limited exception to OCGA § 19-8-19 (a) (1). See *Lightfoot v. Hollins*, 308 Ga. App. 538, 540 (707 SE2d 491) (2011). Specifically, OCGA § 19-7-3 (b) entitles a grandparent of a minor child to seek visitation rights

> whenever there has been an adoption in which the adopted child has been adopted by the child's blood relative or by a stepparent, notwithstanding the provisions of [OCGA §] 19-8-19. This subsection shall not authorize an original action where the parents of the minor child are not separated and the child is living with both of the parents.

Notwithstanding the current language of OCGA § 19-7-3 (b), the trial court found that the instant case was controlled by *Echols v. Smith*, 207 Ga. App. 317 (427 SE2d 820) (1993), and *Campbell v. Holcomb*, 193 Ga. App. 474 (388 SE2d 65) (1989), and concluded that paternal grandparents of a minor child are not entitled to visitation rights after the child is adopted by a stepparent when he or she is not a blood relative of the child. The trial court's findings, however, were erroneous. Notably, at the time when *Echols* and *Campbell* were decided, OCGA § 19-7-3 (b) entitled grandparents to seek visitation rights of an adopted child *only* where the adoption was by a blood relative of the child. OCGA § 19-7-3 (b) (1992). Based upon this previous version of the statute, the paternal grandparents in *Campbell* and *Echols* were not entitled to visitation rights because the minor children had been adopted by stepfathers who were not blood relatives of the children. See *Echols*, supra, 207 Ga. App. at 317-318; *Campbell*, supra, 193 Ga. App. at 474-475.

Several months after the *Echols* decision, however, the Georgia General Assembly amended OCGA § 19-7-3 (b). See Ga. L. 1993, p. 456, § 1. As set forth above, OCGA § 19-7-3 (b) now entitles a grandparent of a minor child to seek visitation rights "whenever there has been an adoption in which the adopted child has been adopted by the child's blood relative *or by a stepparent*[.]" (Punctuation omitted; emphasis supplied.) Thus, the statutory amendment vested grandparents with the right to intervene and petition for visitation following a minor child's adoption by either a blood relative or a stepparent. See OCGA § 19-7-3 (b). It was improper for the trial court to deny Hudgins's petition based on an obsolete version and interpretation of the Grandparent Visitation Statute.

We nevertheless note that OCGA § 19-7-3 (b) further provides that a grandparent's original action for visitation rights is not authorized "where the parents of the minor child are not separated and the child is living with both of the parents." We recently interpreted the term "parents" as used in this last sentence of current OCGA § 19-7-3 (b) to include both "biological" or "natural parents," as well as adoptive parents. See *Bailey v. Kunz*, 307 Ga. App. 710, 712-713 (706 SE2d 98) (2011), aff'd sub nom. *Kunz v. Bailey*, 290 Ga. 361 (720 SE2d 634) (2012). Based on this interpretation of OCGA § 19-7-3 (b), the paternal grandparents in *Bailey* were not authorized to seek visitation of a minor child adopted by his stepfather on the ground that the child lived together with his stepfather and his biological mother. Id.

Here, like the minor child in *Bailey*, K. H. was adopted by her stepfather, Wesley Harding, making him K. H.'s legal parent under OCGA § 19-8-19 (a) (2). This fact alone, however, did not automatically preclude Hudgins from seeking visitation rights with K. H., see

OCGA § 19-7-3 (b), and the trial court erred by dismissing Hudgins's petition on such ground. To determine whether Hudgins's petition was authorized under OCGA § 19-7-3 (b), the trial court was required to make additional findings of fact concerning whether Barbara and Wesley Harding were separated and whether K. H. was living with both of them. The trial court failed to make any such findings, and the record evidence is unclear as to this issue.[1] Therefore, we must reverse the trial court's order and remand this case for the trial court to reconsider Hudgins's petition for visitation rights with K. H. in light of the appropriate factual findings and the correct legal analysis.[2]

*Judgment reversed and case remanded with direction. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED JANUARY 18, 2012.

Bessie Hudgins, *pro se.*
Richard Hudgins, *pro se.*
Barbara A. Harding, *pro se.*

---

[1] For example, while the record suggests that Barbara and Wesley Harding resided together at the same address, it also indicates that Barbara Harding and K. H. relocated to a another, separate residence.

[2] Given our holding, we need not address the additional issues presented by Hudgins on appeal.