### S12F0873. HASTINGS v. HASTINGS.
#### (732 SE2d 272)

THOMPSON, Presiding Justice.

Appellant Frederick C. Hastings (husband) appeals a final divorce decree entered October 18, 2011, awarding primary physical custody of his two children to Nichole Hastings (wife). Husband is the biological father of both children, whereas wife is the adoptive mother of one child and the biological mother of the other child. At the time the couple married in August 2006, wife was aware husband's former girlfriend was pregnant. Following the child's birth in October 2006, husband's paternity was established, and the couple obtained custody with wife eventually adopting the child. In February 2009, wife gave birth to the couple's second child.

Husband filed for divorce in February 2011. Following mediation which resolved most issues between the parties, the trial court held a hearing with respect to the issues of custody and child support. Both parties testified and, after considering the evidence, the trial court found it was in the best interest of the children for wife to be awarded primary physical custody. The court declined to split physical custody of the children between the parents, finding that to do so would cause emotional harm. After awarding joint legal custody, the court awarded child support to wife within the guidelines.

Husband filed an application for discretionary appeal seeking to challenge the trial court's placement of the older child, husband's

natural child, with wife, an adoptive parent. This Court granted husband's application and he filed a timely notice of appeal. For the reasons set forth below, we affirm the judgment of the trial court.

Husband contends that the trial court erred by granting custody of husband's biological, older child to wife, a specified third party as defined under OCGA § 19-7-1 (b.1).[1] Husband asserts that in order to rebut the statutory presumption in favor of parental custody, wife, an adoptive parent, was required to prove by clear and convincing evidence that husband's biological older child would suffer physical or emotional harm if husband was awarded custody. See *Clark v. Wade*, 273 Ga. 587, 589-599 (544 SE2d 99) (2001). We disagree.

In dealing with the question of how parental power may be lost by a parent in a custody action involving a select group of non-parental relatives or an adoptive parent, the Georgia General Assembly has clearly stated its intent that "[t]he sole issue for determination . . . shall be what is in the best interest of the child or children." OCGA § 19-7-1 (b.1). Although including a "rebuttable presumption that it is in the best interest of the child or children for custody to be awarded to the parent or parents" over the designated third parties, including adoptive parents,[2] OCGA § 19-7-1 (b.1) further provides that "this presumption may be overcome by a showing that an award of custody to such third party is in the best interest of the child or children." Faced with constitutional challenges to the statute's use of a best-interest-of-the-child standard in custody cases involving disputes between single, noncustodial parents and grandparents with physical custody of the child, this Court interpreted the standard as applied to require the grandparents to prove by clear and convincing

---

[1] OCGA § 19-7-1 (b.1) provides:
   Notwithstanding subsections (a) and (b) of this Code section or any other law to the contrary, in any action involving the custody of a child between the parents or either parent and a third party limited to grandparent, great-grandparent, aunt, uncle, great aunt, great uncle, sibling, or adoptive parent, parental power may be lost by the parent, parents, or any other person if the court hearing the issue of custody, in the exercise of its sound discretion and taking into consideration all the circumstances of the case, determines that an award of custody to such third party is for the best interest of the child or children and will best promote their welfare and happiness. There shall be a rebuttable presumption that it is in the best interest of the child or children for custody to be awarded to the parent or parents of such child or children, but this presumption may be overcome by a showing that an award of custody to such third party is in the best interest of the child or children. The sole issue for determination in any such case shall be what is in the best interest of the child or children.

[2] Prior to enactment of this statute in 1996, this Court had rejected the argument that in a custody battle between a biological parent and an adoptive parent there should be a rebuttable presumption for custody in favor of the biological parent. *Ivey v. Ivey*, 264 Ga. 435, 437 (445 SE2d 258) (1994).

evidence that the child would suffer physical or emotional harm in order to overcome the statutory presumption in favor of parental custody. *Clark,* supra at 589-599. The constitutional issues that concerned the plurality in *Clark* involved awarding custody or visitation to non-parent third parties like grandparents. See id. at 593-596 (discussing cases involving the termination of parental rights and grandparent visitation); id. at 606-607 (Thompson, J., dissenting) (same). These constitutional concerns are not applicable where the third party being awarded custody is an adoptive parent, as in the instant case. Accordingly, *Clark* is factually distinguishable, and husband's reliance thereon is misplaced.

Georgia law specifically provides that "[a] decree of adoption creates the relationship of parent and child between each petitioner and the adopted individual, as if the adopted individual were a child of biological issue of that petitioner." OCGA § 19-8-19 (a) (2). Both the legislature and our courts have repeatedly confirmed that an adoptive parent stands on the same footing and has the same rights and obligations as a biological parent. See OCGA § 19-11-3 (9) (defining "parent" as "the natural or adoptive parents of a child" under the Child Support Recovery Act); see also *Kunz v. Bailey,* 290 Ga. 361, 362 (720 SE2d 634) (2012) (declining to limit the term "parents" to include only the natural or biological parents of child where specific language of statute did not create such distinction between any class of "parents"); *Davis v. LaBrec,* 274 Ga. 5, 7 (549 SE2d 76) (2001); *Ivey,* supra at 437.

> [I]t is a well-settled rule of statutory construction that a statute must be construed in relation to other statutes, and all statutes dealing with the same subject matter are construed together and harmonized wherever possible so as to give effect to the legislative intent.

*Baum v. Moore,* 230 Ga. App. 255, 257 (496 SE2d 307) (1998). See *Thornton v. Anderson,* 207 Ga. 714, 718 (64 SE2d 186) (1951) (statute fixing rules of inheritance must be construed in pari materia with the adoption statute). Thus, reading OCGA § 19-7-1 (b.1) in pari materia with the Georgia statutes granting adoptive parents rights (and obligations) equal to those of a biological parent, we conclude that for a court to award custody to an adoptive parent over a biological parent, only the statutory showing is required, inasmuch as the Constitution requires nothing more.

Applying the requirements of OCGA § 19-7-1 (b.1) to the facts of this case, the trial court did not abuse its discretion in finding that it was in the best interest of the parties' joint biological child to award

primary physical custody to wife. See *Autrey v. Autrey*, 288 Ga. 283 (702 SE2d 878) (2010) (trial court has broad discretion in determining issue of child custody between parents and where there is any evidence to support the trial court's finding, this Court will not find an abuse of discretion). Further, the trial court specifically found that splitting up the siblings would cause emotional harm and was not in the best interest of the children. As the trial court did not err in awarding primary physical custody of the couple's biological child to wife, its determination that splitting the siblings would cause emotional harm to both children was sufficient to overcome the statutory presumption in favor of husband with respect to custody of the older child. See OCGA § 19-9-3 (a) (3) (B) (in determining the best interests of the child, the judge may consider any relevant factor including emotional ties existing between the child and his or her siblings, half siblings, and stepsiblings and the residence of such other children). Under the circumstances presented, we find no error in the trial court's decision to keep the children together by granting physical custody to wife.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2012 —
RECONSIDERATION DENIED OCTOBER 29, 2012.

*Maddox & Harding, Todd A. Harding*, for appellant.
Nichole Hastings, *pro se*.