**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 14, 2017**

# In the Court of Appeals of Georgia

A17A0948. McDOWELL v. BOWERS et al.

ELLINGTON, Presiding Judge.

Pursuant to a granted application for an interlocutory appeal, Richard Chad McDowell contends that the Superior Court of Bryan County erred in permitting Judith and Jeffrey Bowers, the paternal grandparents of J. N. S., a minor child, to intervene in his petition to adopt the child. Because Georgia law does not permit the grandparents to intervene under the circumstances presented in this case, we must reverse the superior court's order allowing the intervention.

The relevant, undisputed facts of this case are as follows. J. N. S., the biological child of S. S. and E. S., was born in 2009. The child's parents divorced in 2012. The divorce decree, which established the parents' visitation rights, contained no provision concerning grandparent visitation. E. S. died in an accident in 2014. In

September 2014, S. S. agreed to allow McDowell to adopt J. N. S., and the probate court granted McDowell letters of guardianship. McDowell is not a blood relative of J. N. S. Rather, McDowell was previously married to S. S. They had a son in 2005; they divorced in 2008. J. N. S. has regularly visited McDowell and his half-brother and has reportedly formed a bond with them. McDowell filed a petition to adopt J. N. S. on September 23, 2015. Shortly thereafter, the granparents filed their motion to intervene, which the superior court granted. According to their supporting brief, the grandparents are seeking custody of the child pursuant to OCGA §§ 19-7-3 and 19-8-15.

"In matters of adoption, the superior court has a very broad discretion which will not be controlled by the appellate courts except in cases of plain abuse." (Citation and punctuation omitted.) *Smith v. Hutcheson*, 283 Ga. App. 117, 118 (640 SE2d 690) (2006). However, where, as here, an appeal involves a question of law, we owe no deference to the trial court and our review is de novo. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

Although it is clear from the record that the grandparents believe they can provide the best possible life for their grandchild, Georgia law does not authorize them to intervene in this third-party adoption proceeding to obtain custody under the

2

circumstances presented. Contrary to their contention, "OCGA § 19-7-3 only authorizes grandparents to intervene to obtain *visitation* rights in the proceedings specified in the Code section." (Citation omitted; emphasis supplied.) *Murphy v. McCarthy*, 201 Ga. App. 101, 102 (410 SE2d 198) (1991). This Code section does not authorize intervention for the purpose asserted by the granparents, that is, to object to the adoption and to obtain custody themselves.[1] Further, the only adoption proceedings listed in this Code section are those in which the child is being adopted by a blood relative or a stepparent, and McDowell is neither. OCGA § 19-7-3 (b) (1) (B). See *Murphy v. McCarthy*, 201 Ga. App. at 102. Finally, because "an adoption is not the equivalent of a proceeding to terminate parental rights within the meaning of

---

[1] OCGA § 19-7-3 (b) (1) (B) provides:

Any family member shall have the right to intervene in and seek to obtain visitation rights in any action in which any court in this state shall have before it any question concerning the custody of a minor child, a divorce of the parents or a parent of such minor child, a termination of the parental rights of either parent of such minor child, or visitation rights concerning such minor child or whenever there has been an adoption in which the adopted child has been adopted by the child's blood relative or by a stepparent, notwithstanding the provisions of Code Section 19-8-19.

3

OCGA § 19-7-3," id., OCGA § 19-7-3 (b) (1) (B) provides no basis for permitting the grandparents to intervene.

Rather, OCGA § 19-8-15 governs when objections by grandparents are allowed in adoption proceedings. *Murphy v. McCarthy*, 201 Ga. App. at 102. It provides that the blood relatives of a minor child may object to an adoption in limited circumstances. OCGA § 19-8-15 (b) provides, in relevant part:

> If the child sought to be adopted has no legal father or legal mother living, it shall be the privilege of any person related by blood to the child to file objections to the petition for adoption. A family member with visitation rights to a child granted pursuant to Code Section 19-7-3 shall have the privilege to file objections to the petition of adoption if neither parent has any further rights to the child and if the petition for adoption has been filed by a blood relative of the child.

Under the circumstances of this case, this Code section does not give the grandparents standing to object to the adoption. J. N. S.'s legal mother is alive and she has consented to the adoption.[2] Further, by its plain terms, OCGA § 19-8-15 (b)

---

[2] S. S.'s surrender of her parental rights to McDowell is conditional; if J. N. S. is not adopted by McDowell, the child is to be returned to her custody. Moreover, although parental power may be lost by consenting to the adoption of a child by a third person, the act of consenting does not immediately result in the termination of parental rights, thereby creating a right to object and standing to intervene. See *Baum v. Moore*, 230 Ga. App. 255, 257 (496 SE2d 307) (1998) ("[OCGA § 19-7-1 (b.1),

4

only provides that objections may be made when a blood relative files for adoption of the minor child, and McDowell is a non-relative third party. Finally, the grandparents have not established any visitation rights to J. N. S. pursuant to OCGA § 19-7-3.[3] Because the grandparents have failed to show that they have a legal right to object to the adoption, they are not authorized to intervene in this adoption proceeding, and the order granting intervention must be reversed. See *Murphy v. McCarthy*, 201 Ga. App. at 102.

*Judgment reversed. Andrews and Rickman, JJ., concur.*

---

concerning when parental power may be lost,] does not create a new right to intervene in an adoption proceeding, but merely states that when custody is an issue between parents or between a parent and certain third parties, parental power *may be lost* if the court determines that an award of custody to a third party is in the best interest of the child.") (emphasis supplied).

[3] In 2013, the grandparents sought an ex parte order in South Carolina to obtain joint custody of J. N. S. with his father. The court granted the grandparents' emergency motion for temporary custody but later dismissed the action for lack of subject matter jurisdiction and returned custody to S. S. The court concluded that the grandparents had wilfully failed to inform the court that issues of custody and support had already been adjudicated in Georgia and that the mother had already been awarded custody. On that ground, the court awarded attorney fees to S. S. Thus, the trial court's reliance on *Evans v. Sangster*, 330 Ga. App. 533 (768 SE2d 278) (2015) is misplaced. The grandparents in *Evans* were allowed to intervene in a stepparent adoption to protect visitation rights that they had already obtained. Id. at 538 (b).